Gary Alan CLARK,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4426)

Gary Alan Clark, Plaintiff (taxpayer), filed a motion and brief *pro se*.

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed a motion and memorandum for Defendant (the department).

Decision for Defendant rendered July 31, 2000.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from a magistrate Decision finding him liable for income taxes for 1996. Taxpayer asserts that his wages are not taxable income. There is no dispute of fact, and the matter has been submitted to the court on cross motions for summary judgment.

## FACTS

The following facts are taken from taxpayer's Amended Complaint. Taxpayer has worked in Oregon since 1980 and is employed as an engineer by Hewlett-Packard Company. He asserts that he is a "private sector, common law employee."[1] Exhibit 10 attached to taxpayer's Amended Complaint shows that his gross earnings for 1996 were $77,420.71. Contrary to taxpayer's instructions and at the direction of Defendant Department of Revenue (the department), taxpayer's employer withheld $5,279 for state income taxes. Taxpayer filed a 1996 Oregon income tax return showing zero income and zero tax liability. Taxpayer's return requested a refund of the entire amount of withholdings. The department audited taxpayer's return and asserted that taxpayer was subject to tax. However, after all deductions, the department found that taxpayer had overpaid his income tax and was entitled to a refund of $257.

## ISSUE

Is taxpayer liable for income taxes on his 1996 earnings in Oregon?

## ANALYSIS

While taxpayer's arguments purport to address specific statutory and constitutional language, in fact, they implicate far larger issues. In our nation of over 200 million people, the vast majority accept that the income tax laws impose a tax on income. Taxpayer's arguments suggest that millions of Americans, including citizens of Oregon, "have been duped" by the taxing authorities into believing they are required by law to pay an income tax, but taxpayer is enlightened and knows the truth.

Ours is a complex and extremely interdependent society. It requires extensive social cooperation.

> "* * * Let us assume, to fix ideas, that a society is a more or less self-sufficient association of persons who in their relations to one another recognize certain rules of conduct as binding and who for the most part act in accordance with

---

[1] The basis, meaning, and relevance of that statement is not clear.

them. Suppose further that these rules specify a system of cooperation designed to advance the good of those taking part in it. Then, although a society is a cooperative venture for mutual advantage, it is typically marked by a conflict as well as by an identity of interests. There is an identity of interests since social cooperation makes possible a better life for all than any would have if each were to live solely by his own efforts. There is a conflict of interests since persons are not indifferent as to how the greater benefits produced by their collaboration are distributed, for in order to pursue their ends they each prefer a larger to a lesser share. A set of principles is required for choosing among the various social arrangements which determine this division of advantages and for underwriting an agreement on the proper distributive shares. These principles are the principles of social justice: they provide a way of assigning rights and duties in the basic institutions of society and they define the appropriate distribution for the benefits and burdens of social cooperation." Robert Nozick, *Anarchy, State, and Utopia*, 183 (1974) (quoting John Rawls, *A Theory of Justice*, 4 (1971)).

The income-tax system that taxpayer addresses is just one of the ways in which the social group distributes and redistributes benefits and burdens. All of us feel the burden and often find it chafes our sense of independence. There is no question that, as one commentator has noted: "taxation of earnings from labor is on a par with forced labor." *Id.* at 169. However, we suffer the burdens in order to obtain the increased benefits. One can hardly conceive of any artifact, implement, tool, activity, endeavor, or hobby that does not require significant social cooperation and a sharing of benefits and burdens with others.

Taxpayer's brief seems to imply that our "revenue-hungry government" is an enemy of the people. It is in fact not an enemy but a servant. It may not be as efficient or effective as we would like, but it does provide, protect, and serve the people. Our government is organized on constitutional principles that establish three branches of government. Due to the system of checks and balances, no one branch can override the others and become a malevolent dictator. It is in this context that taxpayer's fundamental error is disclosed.

■     Taxpayer argues that "[i]nferior federal and state courts make up their own definitions of income with intent to maximize tax revenue * * *." Taxpayer asserts that the courts cannot "offer vocabulary lessons to the Oregon Legislative Assembly." Taxpayer is wrong in both statements. Under our system, the authority to construe the law is delegated to the judicial branch. *See Marbury v. Madison*, 5 US 137, 2 L Ed 60, 1 Cranch 137 (US Dist Col) (1803). Consequently no other individual, group, or institution is authorized to declare that the courts are wrong. It has long been recognized that:

>    "RES JUDICATA FACIT EX ALBO NIGRUM, EX NIGRO ALBUM, EX CURVO RECTUM, EX RECTO CURVUM": (When anything has been adjudicated, it makes white black, black white, curved straight and straight curved.)

■     Thus is the power of the courts. The people or their elected representatives may not like or agree with the judicial branch's interpretation of a written law. If so, they can change the law, but they cannot change a court's decision. Consequently, taxpayer does not advance his position a single photon when he asserts that the courts are wrong and have not given words their correct meaning or true application. If the public does not agree with the judicial branch's final interpretation of a statute or constitutional provision, it must resort to the ballot box to change what the courts have decreed.

■     Taxpayer's error leads him to assert that "his personal salary and compensation is not technically included within the federal definition of income adopted by reference into Oregon law * * *." That is a wholly irrational view. It is akin to saying that the earth is flat. It is a view that is so patently distorted and removed from reality that the great majority of society look upon a person making such a statement with suspicion. The implication of the statement is that no one's salary, from the President of the United States down to the lowest paid worker, is subject to income tax. The consequences of such a fact would be so astounding as to threaten anarchy. Hence, within the context of income tax cases, such claims are considered frivolous.

The court will not impugn taxpayer's motives. However, experience has shown that the vast majority of those who maintain that their income is not taxable do so out of an unhealthy sense of self. Self interest is to the social being as salt is to the body. It is a vital and necessary element for our everyday life. It provides the psychological electrolyte that permits us to enjoy our social relationships in both competitive and cooperative endeavors. But just like salt, too much self interest becomes poisonous and can eventually destroy. Although it is a rare person who, like Oliver Wendell Holmes, considers paying taxes a privilege, every person should recognize that taxes purchase civilization.

The court finds that taxpayer's Amended Complaint has no merit. Now, therefore,

IT IS ORDERED that Plaintiff's motion for summary judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment and Motion for Frivolous Appeal Damages are granted. Defendant is awarded costs.