Submitted on the record August 15, the judgment of the Oregon Tax Court affirmed
November 9, 2000

## Robert R. COMBS,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

## (OTC 4398; SC S46958)

14 P3d 584

Robert R. Combs, appellant *pro se*, filed the brief.

James C. Wallace, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief was Hardy Myers, Attorney General.

DURHAM, J.

## DURHAM, J.

Taxpayer appeals from a judgment of the Oregon Tax Court granting summary judgment to the Department of Revenue (department). Taxpayer did not file an Oregon personal income tax return for the year 1996, although he received $28,019 in wages and $2,408 in unemployment compensation during that year. A magistrate upheld the department's assessment of personal income taxes against taxpayer, and taxpayer appealed to the Tax Court. The Tax Court determined that taxpayer's position on appeal was groundless and lacked any objective reasonable basis, and awarded the department $1,200 in damages. ORS 305.437.[1] Taxpayer appealed to this court.

Taxpayer does not dispute that he received wages and unemployment compensation in 1996. He contends, however, that his wages are not subject to Oregon's personal income tax because only "gain or profit" is taxable as income under the Internal Revenue Code, and he did not gain or profit from his labor. Taxpayer explains that, because he exchanged his labor for compensation equal to the value of that labor, he had no gain or profit and, therefore, no taxable income.

Taxpayer's argument is incorrect. Oregon income tax law incorporates the definition of "taxable income" stated in the federal Internal Revenue Code. *See* ORS 316.022(6) (" 'Taxable income' means the taxable income as defined in * * * the Internal Revenue Code[.]"); ORS 316.012 ("Any term used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes[.]"). When considering whether funds received by a taxpayer constitute state taxable income, this

---

[1] ORS 305.437 provides, in part:

"(1)  Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *"

"(2)  As used in this section, a taxpayer's position is 'frivolous' if there was no objective reasonable basis for asserting the position."

court applies pertinent administrative and judicial interpretation of the federal income tax law. *Baisch v. Dept. of Rev.*, 316 Or 203, 209-10, 850 P2d 1109 (1993); *see also* ORS 316.007 ("It is the intent of the Legislative Assembly * * * to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code relating to the measurement of taxable income[.]"); ORS 316.032(2) ("Insofar as is practicable * * *, the department shall apply and follow the administrative and judicial interpretations of the federal income tax law.").

Section 61(a)(1) of the Internal Revenue Code defines "gross income" to include "[c]ompensation for services." 26 USC § 61(a)(1) (1994). Federal courts repeatedly have rejected, as frivolous and without basis in the Code, the argument made here by taxpayer that wages are not taxable income. *See, e.g., Sullivan v. United States*, 788 F2d 813, 815 (1st Cir 1986) ("Courts uniformly have rejected as frivolous the argument[ ] that money received in compensation for labor is not taxable income * * *."); *Olson v. United States*, 760 F2d 1003, 1005 (9th Cir 1985) (making similar statement); *Connor v. C.I.R.*, 770 F2d 17, 20 (2d Cir 1985) (same). We have discovered no federal administrative or judicial authority to the contrary.

■ We conclude that taxpayer's position has no objective reasonable basis in federal or state law. Therefore, his argument is frivolous, ORS 305.437(2), and groundless, *see Detrick v. Dept. of Rev.*, 311 Or 152, 157, 806 P2d 682 (1991) (defining "groundless," in the context of ORS 305.437, as "devoid of factual or legal support").

The Tax Court found that taxpayer's belief in his argument appeared to be sincere, but that, regardless of the sincerity of his beliefs, taxpayer had wasted the time and resources of the department and the Tax Court by asserting his frivolous position. Under the circumstances presented here, ORS 305.437(1) required the Tax Court to include an award of damages to the department in its judgment. Taxpayer does not contest the amount of damages that the Tax Court awarded. Consequently, we conclude that the Tax Court's award of damages was correct.

The judgment of the Oregon Tax Court is affirmed.