I. INTRODUCTION
This case comes before the court for decision after trial. Plaintiff Mario A. Negrete (taxpayer) alleges that Defendant Department of Revenue (the department) wrongly assessed a personal income tax deficiency against taxpayer for tax year 2003. The department asserts that it properly determined taxpayer's tax liabilities for 2003 and requests that the court affirm its determinations and award it attorney fees and damages. Taxpayer argued his case pro se. The department was represented by Sally L. Kimsey, Assistant Attorney General. David Armstrong (Armstrong) testified on behalf of the department.
 II. FACTS
Taxpayer filed a "zero-based return" dated February 12, 2004, with the department for the 2003 tax year, showing zero personal income and requesting a refund of all withheld Oregon income taxes. The department responded by calculating taxpayer's Oregon taxable income based on W-2 forms from taxpayer's employer and issuing a Notice of Deficiency (NOD) on January 20, 2005. Armstrong testified that the department unsuccessfully encouraged taxpayer to reconsider his decision to file a zero-based return but taxpayer did not reconsider, and a Notice of Assessment (NOA) was issued *Page 136 
on March 22, 2005, that included calculations of tax liability, penalty, and interest.
Taxpayer appealed to the Magistrate Division of this court, arguing that income in the constitutional sense, or taxable income, differs from income in the ordinary sense and, because taxpayer had no income in the constitutional sense, he could not be taxed on his income. The magistrate upheld the department's assessment and awarded damages under ORS 305.437[1] for a frivolous appeal.
Taxpayer then filed this appeal, in which he asserts the same argument. Specifically, taxpayer argues that wages are not taxable income because wages are his "source of income" and only income "from" that source, not "on" that source is considered taxable income under Internal Revenue Code (IRC) section 63.[2]
 III. ISSUES
1. Did the department properly assess taxpayer for the 2003 tax year?
2. Is the department entitled to damages under ORS 305.437?
3. Is the department entitled to attorney fees under ORS20.105(1)?
 IV. ANALYSIS 1-4. Oregon imposes an income tax on the "entire taxable income" of residents. ORS 316.037(1)(a). ORS 316.022(6) defines taxable income as "the taxable income as defined in * * * section 63 of the Internal Revenue Code, with such additions, subtractions and adjustments as are prescribed by this chapter." Section 63 of the IRC provides that "the term `taxable income' means gross income minus the deductions allowed by this chapter." Gross income is "all income from whatever source derived" and includes "[c]ompensation for services." IRC §§ 61 (emphasis added). *Page 137 
Taxpayer argues that only "income in the constitutional sense" is taxable and that such income is limited only to profits that are earned from "income in the ordinary sense." He argues, in essence, that his wages are not income. Taxpayer did not testify at trial or offer any other evidence to support his argument.[3]
 5, 6. Other taxpayers have attempted the same or similar arguments in the past to no avail. See Combs v.Dept. of Rev., 15 OTR 60, 61 (1999), aff'd,331 Or 245, 14 P3d 584 (2000) (holding that such a claim was "unrealistic and uninformed" and that "wages are clearly taxable"); Christenson v. Dept. of Rev., 18 OTR 269, 273
(2005) (holding that such a position "is without merit");Clark v. Dept. of Rev., 15 OTR 197, 200 (2000),aff'd, 332 Or 236, 26 P3d 821 (2001) (stating that such a view is "patently distorted and removed from reality"). In addition, Oregon has adopted by reference federal income tax law, including judicial determinations, see ORS316.032, and "[f]ederal courts repeatedly have rejected, as frivolous and without basis in the [IRC], the argument * * * that wages are not taxable income." Combs,331 Or at 248 (citing Sullivan v. United States, 788 F2d 813, 815
(1st Cir 1986)). The court concludes, therefore, that wages are clearly taxable as income and that the department properly determined taxpayer's tax liabilities for 2003.
7-9. ORS 305.437 governs the award of damages for frivolous appeals. That statute provides, in pertinent part, that damages not to exceed $5,000 are to be awarded to the department "[w]henever it appears that * * * the taxpayer's position * * * is frivolous or groundless." A taxpayer's position is frivolous "if there was no objectively reasonable basis for asserting the position." Id. To determine whether the basis for the claim was objectively reasonable, the court "assesses whether taxpayer's claims, defenses, or grounds for appeal were entirely devoid of legal or factual support at the time they were made." Christenson, 18 OTR at 274
(citation omitted). The argument that wages are not taxable income advanced by taxpayer has been repeatedly ruled frivolous by this court and the Oregon Supreme Court, as well as the *Page 138 
United States Supreme Court. See, e.g., Combs,331 Or at 248 (rejecting the same argument as having no objectively reasonable basis in federal or state law and holding the argument frivolous). Taxpayer's claims here lack any factual or legal support and are, therefore, objectively unreasonable. Accordingly, the court awards damages in the amount of $2,000.
10. Under ORS 20.105, "the court shall award reasonable attorney fees" to the prevailing party "upon a finding by the court * * * that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal." As discussed above, the court has concluded that taxpayer's claims are "entirely devoid of legal or factual support" and are not, therefore, objectively reasonable.Christenson, 18 OTR at 274 (citation omitted). Accordingly, the court must award reasonable attorney fees to the department, subject to application pursuant to TCR 68.
 V. CONCLUSION
Based on the foregoing, the court concludes that the department properly calculated taxpayer's income tax liability, penalty, and interest for 2003. Further, taxpayer's argument is not objectively reasonable because it is without legal or factual support, and, therefore, taxpayer's argument is frivolous under ORS 305.437. Now, therefore,
IT IS DECISION OF THE COURT that taxpayer shall be assessed taxes, penalties, and interest as set out in the Notice of Tax Assessment for the 2003 tax year;
IT IS FURTHER DECIDED that the department shall be awarded damages in the amount of $2,000;
IT IS FURTHER DECIDED that the department shall be awarded costs and reasonable attorney fees, subject to compliance with TCR 68.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2001 edition.
[2] All references to the Internal Revenue Code (IRC) are to the 2000 edition.
[3] The department moved for dismissal under TCR 60, but in the interests of giving the taxpayer an opportunity to be fully heard, the court denied the motion. *Page 139