DECISION
Plaintiff appeals Defendant's Notice of Deficiency Assessment for tax year 2005.
A case management conference was held on February 28, 2008. Plaintiff appeared on her own behalf. David #3128 (no last name) appeared on behalf of Defendant.
During the conference, Plaintiff confirmed that she alleges her earned income (wages) is not taxable income for tax year 2005. The court asked Plaintiff if she had read the court's decisions holding that earned income (wages) is taxable income. Plaintiff stated that she had read the court's decisions. The court asked Plaintiff if she knew that Defendant requests that the court award Defendant "damages for a frivolous or groundless appeal under ORS 305.437." (Def's Answer at 2.) Plaintiff acknowledged Defendant's request to award it damages.
Given the court's decisions and Defendant's request for damages, Plaintiff was asked if if she wanted to continue to her appeal. Plaintiff answered in the affirmative. She asked that all written material submitted to date be identified as her motion for summary judgment. Plaintiff was granted an opportunity to file a reply to Defendant's pleadings. Plaintiff filed her "Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment" (Reply) on March 7, 2008. This matter is now ready for decision. *Page 2 
 I. STATEMENT OF FACTS
The facts in this case are few and undisputed. In tax year 2005, Plaintiff was employed and received earned income (wages). Plaintiff filed federal and state income tax returns, putting a "-0-" on the line provided to report wages, salaries, tips, etc. (Attached to Plaintiff's materials filed Jan 18, 2008.) In her 78 page Reply, Plaintiff provided a lengthy recitation of case law and statutes to support her conclusion:
 "THE INCOME TAX LAW DOES NOT `PLAINLY AND CLEARLY LAY'ANY TAX UPON PLAINTIFF OR PLAINTIFF'S REVENUE THE ABOVE STATEMENT INCLUDES THE OREGON PERSONAL INCOME TAX.[1]"
Plaintiff's Reply repeats much of the same information presented in her Complaint and her Response to Defendant's Answer.
Defendant stated that Plaintiff's wages "are taxable to the State of Oregon," and listed applicable statutes and case law to support its conclusion. (Def's Answer at 2; Def's Resp to Ptf's Resp to Def's Answer (Response.) In both its Answer and its Response, Defendant "requests the court to award damages for a frivolous or groundless appeal under ORS 305.437."
 II. ANALYSIS
Plaintiff's reasoning is no different from others who have asserted that earnings paid by an employer are not subject to taxation by the state of Oregon. See Clark v. Dept. of Rev., 15 OTR 197, 200 (2000) (holding that it "is a wholly irrational view" to assert that "`personal salary and compensation is not technically included within the federal definition of income adopted by reference into Oregon law.'");Negrete v Dept. of Rev., 19 OTR 134, 137 (2006) (holding "that wages are clearly taxable as income" and citing numerous cases including Combsv. Dept. of Rev., 15 OTR 60, 61 (1999), aff'd 331 Or 245, 14 P3d 584
(2000). Plaintiff offers nothing to persuade *Page 3 
this court that it should not follow prior holdings. Plaintiff's earned income is subject to Oregon state income tax.
The Oregon Supreme Court found that those who argue that wages are not taxable income are offering "legal arguments" that are "frivolous."Clark v. Dept. of Rev., 332 Or 236, 237, 26 P3d 821 (2001). Given the court's prior holding, Plaintiff's positions are frivolous and groundless. The court awards Defendant $500 in damages under ORS305.437.[2]
 III. CONCLUSION
After careful review of Plaintiff's legal arguments, the court concludes that Plaintiff's earned income (wages) is taxable. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's earned income (wages) is subject to Oregon state income tax; and
IT IS FURTHER DECIDED that Defendant is awarded damages in the amount of $500.
Dated this _____ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner on May13, 2008. The Court filed and entered this document on May 13,2008.
[1] Format as in original.
[2] All references to the Oregon Revised Statutes are to 2005. *Page 1