IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

HOWARD M. BARASH,                  )
                                                  )
          Plaintiff,               )    TC-MD 120058N
                                                  )
          v.                      )
                                                  )
DEPARTMENT OF REVENUE,      )
State of Oregon,                  )
                                                  )
          Defendant.            )    **DECISION**

Plaintiff appeals Defendant's Notices of Determination and Assessment dated November 17, 2011, for the 2007, 2008, and 2009 tax years. Plaintiff filed his Motion for Summary Judgment (Motion) on April 23, 2012. Department filed its Response to Motion for Summary Judgment (Response) on May 1, 2012. On June 6, 2012, Plaintiff filed its reply. There is no dispute of material fact and this matter is now ready for the court's decision.

## I. STATEMENT OF FACTS

Plaintiff failed to file Oregon personal income tax returns for the 2007, 2008 and 2009 tax years. (*See* Ptf's Compl at 3, 5, 7.) Even though Plaintiff earned taxable income in the years at issue, Plaintiff alleges that he has "no such liability for the payment of any tax, neither federal nor State, nor any requirement to file any tax return with either government." (*Id.* at 2.) In his Motion, Plaintiff argues that the State of Oregon cannot constitutionally impose a direct non-apportioned income tax on its citizens. (Ptf's Mot for Summ J at 7.) Plaintiff supports that argument by acknowledging that "the Oregon State personal income tax is predicated on an individual's subjectivity to the federal tax and its filing requirement." (Ptf's Compl at 2.) After performing his own analysis of statutes and case law, Plaintiff concludes that "the federal income tax is *only* required by law to be paid *by the payors* [sic] *of 'gross income'*, but *not* the *recipients*

or *earners* of the income, in what would be an *un*constitutionally direct manner that was specifically rejected by the Court in its controlling decisions." (Ptf's Mot for Summ J at 8 (emphasis in original).) Plaintiff argues that, based on his analysis of federal law, "as a *person* who has no *federally 'taxable income' as defined in federal law*, and who has no statutory requirement to file a federal personal tax return form 1040 or pay any federal income tax; that [he] is therefore also a *person* who has *no* requirement to file an Oregon state income tax return or pay any Oregon State personal income tax." (*Id.* at 10 (emphasis in original).)

In response, Defendant states that "Plaintiff believes that because he is a resident of the State of Oregon and a citizen of the United States of America, that he does not owe any tax even though he received compensation for his services." (Def's Resp at 1.) Citing several tax statutes, Defendant concludes that "[t]he statutes clearly establish a tax on residents. Because [Plaintiff] chose not to file a return, the Department established the Assessment based on the best information available as allowed under ORS 305.265." (*Id.* at 2.) Defendant also requests damages for frivolous appeal, because "Plaintiff has not presented any reasonable basis for asserting his position[.]" (*Id.*)

## II. ANALYSIS

The issues before the court are whether the Plaintiff is liable for Oregon income tax for the 2007, 2008, and 2009 tax years and whether Defendant is entitled to damages under ORS 305.437 (2011).[1] The Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007. The legislature sought to "achieve this result by the application of the various provisions of the [IRC]

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2007 unless otherwise noted. The 2005 ORS is applicable to the 2007 tax year. The 2005 version of ORS 316.007 is identical to the 2007 version.

relating to the definition of income, exceptions and exclusions therefrom, [and] deductions (business and personal) * * *." ORS 316.007(2). The legislature then imposed "a tax on residents of this state measured by taxable income wherever derived * * *." ORS 316.007(3).

ORS 316.037(1)(a) imposes an income tax on the "entire taxable income" of residents. ORS 316.022(6) defines taxable income as "the taxable income as defined in * * * section 63 of the [IRC], with such additions, subtractions and adjustments as are prescribed by this chapter." IRC section 63(a) provides that "the term 'taxable income' means gross income minus the deductions allowed by this chapter * * *." Gross income is "all income from whatever source derived" and includes "[c]ompensation for services * * *." IRC § 61(a). Plaintiff does not dispute that he earned wages during the tax years at issue, but disagrees that those wages are taxable income.

Plaintiff argues that the United States Constitution does not authorize a direct non-apportioned income tax on citizens of the United States, and therefore citizens are not subject to federal income tax or state income tax. "Other taxpayers have attempted the same or similar arguments in the past to no avail." *Negrete v. Dept. of Rev.* (*Negrete*), 19 OTR 134, 137 (2006) (*citing Combs v. Dept. of Rev.* (*Combs*), 15 at OTR 60, 61 (1999) *aff'd* 331 Or 245, 14 P3d 584 (2000) (holding that such a claim was "unrealistic and uninformed" and that "wages are clearly taxable"); *Christenson v. Dept. of Rev.*, 18 OTR 269, 273 (2005) (holding that such a position "is without merit"); *Clark v. Dept. of Rev.* (*Clark*), 15 OTR 197, 200 (2000) *aff'd* 332 Or 236, 26 P3d 821 (2001) (stating that such a view is "patently distorted and removed from reality")).

It has been long recognized that the federal Constitution allows for a direct, non-apportioned federal income tax on citizens of the United States. Plaintiff's wages are clearly

taxable income and Defendant properly determined Plaintiff's state income tax liability based on the best information available for 2007, 2008, and 2009 as required by ORS 305.265.

Defendant seeks an award of damages under ORS 305.437, which provides that damages not to exceed $5,000 are to be awarded to the department "[w]henever it appears that * * * the taxpayer's position * * * is frivolous or groundless * * *." ORS 305.437(1). "A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position." ORS 305.437(2)(a). To determine whether the basis for the claim was objectively reasonable, the court "assesses whether taxpayer's claims, defenses, or grounds for appeal were entirely devoid of legal or factual support at the time [they] were made." *Christenson v. Dept. of Rev.*, 18 OTR 269, 274 (2005) (citation omitted). "The argument that wages are not taxable income * * * has been repeatedly ruled frivolous by this court and the Oregon Supreme Court, as well as the United States Supreme Court." *Negrete*, 19 OTR at 137-38 (*citing Combs*, 331 Or at 248). Plaintiff's reasoning is no different from others who have asserted that earnings paid by an employer are not subject to taxation by the state of Oregon. *See Clark*, 15 OTR at 200 (holding that it "is a wholly irrational view" to assert that "personal salary and compensation is not technically included within the federal definition of income adopted by reference into Oregon law"). Plaintiff's claim lacks any factual or legal support and is, therefore, objectively unreasonable and frivolous. Accordingly, the court awards damages to Defendant in the amount of $500.

## III. CONCLUSION

After careful review of the pleadings, the court concludes that Plaintiff is required to pay state personal income tax for the 2007, 2008, and 2009 tax years. Plaintiff's contention that the

/ / /

Constitution does not allow for direct non-apportioned personal income tax is without legal or factual support and is, therefore, frivolous. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied and Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Defendant shall be awarded damages for frivolous appeal under ORS 305.437 in the amount of $500.

Dated this ___ day of July 2012.

ALLISON R BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on July 27, 2012. The Court filed and entered this document on July 27, 2012.*