IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

A. JOHN OCHSNER IV,            )
                                    )
          Plaintiff,           )    TC-MD 130118N
                                      )
      v.                          )
                                    )
DEPARTMENT OF REVENUE,    )
State of Oregon,                )
                                    )
          Defendant.     )   **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed May 15, 2013. Plaintiff (Ochsner) filed a response to Defendant's Motion to Dismiss and a motion for summary judgment. (Ptf's Resp at 1, May 28, 2013.)

Ochsner filed his Complaint March 22, 2013.[1] With his Complaint, Ochsner attached Defendant's Conference Decision, dated December 21, 2012, which dismissed Ochsner's claim for relief under ORS 307.475 based on Defendant's conclusion that it "lack[ed] jurisdiction to grant [Ochsner's] request." (Ptf's Compl at 2-3.) Although Defendant's Conference Decision involved the 2007-08 through 2010-11 tax years, Ochsner appeals the "2007-2013" tax years. (*Id.* at 1, 2.) Ochsner states his requested relief as: "Grant property tax exemption to CatLand for tax years 2007-2008, 2008-2009, 2009-2010, 2010-2011, 2011-2012, 2012-2013 and forward." (*Id.* at 1.) The property at issue is identified as Account 480483 (subject property). (*Id.*)

Defendant initially requested dismissal of Ochsner's appeal because it was not timely filed, but subsequently withdrew "its argument regarding the timeliness of [Ochsner's] appeal[.]"

---

[1] ORS 305.418(1) states, in part, that a complaint is deemed filed "on the date shown by the post-office cancellation mark stamped upon the envelope containing it * * *."

(Def's Mot at 1; Def's Reply at 2, June 14, 2013.)  Defendant makes two arguments in support of its Motion.  (Def's Mot at 1.)  First, Defendant requests dismissal of Ochsner's Complaint under Tax Court Rule (TCR) 21 A(1) because "the appeals in TC-MD 100353B (TC 5009) and TC-MD 111066C (TC 5155), which involved property tax years 2004-05 through 2010-11 and property tax years 2010-11 and 2011-12, respectively, have already received final adjudicat[ion] by the Oregon Tax Court, and the court lacks jurisdiction to hear those appeals again."  (Def's Mot at 1.)  Second, Defendant requests dismissal of Ochsner's appeal pursuant to TCR 21 A(8), "for failure to state a legally cognizable claim for relief * * *."  (*Id.*)  Defendant requests that the court award "frivolous appeal penalties in the amount of $2,500 and its reasonable attorney fees incurred in defending this action[.]"  (*Id.* at 2.)

A.    *History of appeals involving the subject property*

Catland or Ochsner have filed several prior appeals with this court requesting that the subject property receive property tax exemption under ORS 307.130.  On February 24, 2011, the Magistrate Division issued a decision in *Catland v. Yamhill County Assessor* (*Catland*), TC-MD 100353B (Feb 24, 2011).  Catland requested property tax exemption for the subject property for the 2004-05 through 2010-11 tax years. *Catland*, TC-MD No 100535B at 1.  The court dismissed Plaintiff's appeals for the 2004-05 through 2009-10 tax years finding that, "[b]ecause [Catland] did not exist as a corporation until 2010, it may not apply for exemptions for any prior tax years." *Id.* at 6.  With respect to the 2010-11 tax year, the court found that Catland did not qualify as a charitable organization or as a scientific institution under ORS 307.130. *Id.* at 10, 12.  As a result, the court denied Catland's appeal. *Id.* at 13.

Catland appealed TC-MD 100353B to the Regular Division of the Oregon Tax Court and identified the tax years appealed as "all tax years beginning in 2010."  (Compl at 1, TC No 5009,

Apr 22, 2011.) Catland subsequently withdrew its Regular Division appeal of the decision in TC-MD 100353B. (J of Dismissal, TC No 5009, June 15, 2011.)

On October 30, 2012, the Magistrate Division issued a decision in *Catland v. Yamhill County Assessor* (*Catland II*), TC-MD 111066C (Oct 30, 2012). Catland requested property tax exemption for the subject property for the 2010-11 and 2011-12 tax years. *Catland II*, TC-MD No 111066C at 1. By Order issued February 22, 2012, the court dismissed Catland's appeal for the 2010-11 tax year. The court found that Catland was "barred from relitigating [the] matter" under "the doctrines of issue and claim preclusion." (Order at 2, TC-MD No 111066C, Feb 22, 2012.) The court held a trial to consider the merits of Catland's appeal for the 2011-12 tax year. *See Catland II*, TC-MD No 111066C at 1. The court denied Catland's appeal for the 2011-12 tax year, concluding that Catland "failed to prove that it was involved in a qualifying charitable activity as of the assessment date or that the subject property was used primarily for a charitable purpose." *Id.* at 11.

Ochsner filed a complaint in the Regular Division of the Oregon Tax Court challenging the decision of the Magistrate Division in TC-MD No 111066C. *See Ochsner v. Dept. of Rev.*, TC No 5155 (Order Granting Dismissal, Mar 5, 2013). The defendant, Department of Revenue, moved for dismissal of Ochsner's appeal, arguing that he had "no right to appeal a decision of a magistrate in a proceeding in which he was not a party." *Id.* at 1. The Regular Division granted the defendant's motion to dismiss, stating:

"If Catland was obligated to pay the tax imposed on the property, it was the proper party plaintiff in the Magistrate Division and, as such was the party to take any appeal from a decision of the magistrate under ORS 305.501(5)(a) and would have standing to appeal under ORS 305.570(1)(b). In those circumstances, [Ochsner] would have no statutory right of appeal.

"Alternatively, if Catland was not obligated to pay tax imposed on the property, * * * it would have had no statutory right of appeal under ORS 305.275 or any

other statute. In that event, the Magistrate Division was without jurisdiction and the decision of the magistrate was void and there was nothing from which an appeal to the Regular Division could be taken. * * * * * [I]n all events [Ochsner] in this matter has no basis on which to proceed."

*Id.* at 2.

B.    *Ochsner's requested relief*

In his Complaint, Ochsner stated his requested relief as: "Grant property tax exemption to CatLand for tax years 2007-2008, 2008-2009, 2009-2010, 2010-2011, 2011-2012, 2012-2013 and forward." (Ptf's Compl at 1.) Similarly, in his response to Defendant's Motion, Ochsner stated that he "requests property tax exemption for CatLand, a charitable corporation." (Ptf's Resp at 2, May 28, 2013.) Ochsner alleges that he received misinformation from Defendant and the Yamhill County Assessor's office that caused him to fail to incorporate CatLand in 2004. (*Id.* at 1.) He asserts that CatLand "should have been receiving property tax exemption since the 2004-05 tax year." (*Id.* at 2.) Ochsner also challenges findings of fact and conclusions of law in the previous Magistrate Division decisions.[2] (*See id.*; *see also* Ptf's Resp at 1, June 27, 2013.)

C.    *Defendant's Motion to Dismiss*

Defendant asserts that Ochsner's Complaint "fails to allege sufficient facts to state a legally cognizable claim for relief and should be dismissed." (Def's Mot at 5.) Specifically, Defendant argues that "only property of a charitable *corporation* may be eligible for the tax exemption under ORS 307.130, and [Ochsner] is not a corporation." (*Id.* at 7 (emphasis in

_____

[2] Ochsner states: "The magistrate division decided in both cases TC-MD 100353B [p. 10] and TC-MD 111066C [p. 10], based upon the assessors' preposterous yet convenient assertions, that all of the rescued animals of CatLand are my personal pets and therefore the property is strictly residential. CatLand's residents are *not* my 'pets' as the ordinary meaning of the word implies." (Ptf's Resp at 2, May 28, 2013 (emphasis in original).) "We supplied evidence of all of these charitable activities [of Catland] in TC-MD 111066C, including the fact that the residents of CatLand are *not* my personal pets, yet were still somehow denied. CatLand simply needs to supply additional evidence to create a preponderance, and for the court to accept said evidence." (Ptf's Resp at 1, June 27, 2013 (emphasis in original).)

original).)  The court agrees with Defendant.  "Upon compliance with ORS 307.162," ORS 307.130(2) allows a property tax exemption for certain property "owned or being purchased by art museums, volunteer fire departments, or *incorporated* literary, benevolent, charitable and scientific *institutions* * * *."[3]  (Emphasis added.)  Ochsner is the only named plaintiff in this matter and he is not an incorporated institution, as required by ORS 307.130.

In his Complaint and subsequent written responses, Ochsner states that he seeks a property tax exemption based on the activities of Catland.  Ochsner is the only named plaintiff in this matter; Catland is not a party.  Even if Catland were a named plaintiff in this matter, the court may lack jurisdiction to consider Catland's claim.  As noted by the Regular Division in its Judgment of Dismissal in TC No 5155, this court lacks jurisdiction to consider a claim by Catland for property tax exemption if Catland was not obligated to pay the property tax imposed on the subject property for the tax years at issue.  The court has received no evidence to confirm whether Ochsner or Catland was obligated to pay the property tax imposed on the subject property.

If Catland was obligated to pay the property tax imposed on the subject property for the tax years at issue, its request for property tax exemption for the subject property would be barred under the doctrine of claim preclusion for the 2007-08 through 2011-12 tax years.  "Claim preclusion occurs when an action is barred because the plaintiff has already litigated the same claim against the same defendant."  *Safley v. Jackson County Assessor and Dept. of Rev.* (*Safley*), TC-MD No 091206C at *5, WL 4923355 (Dec 2, 2010) (citations omitted).  As discussed above, Catland filed appeals with this court for the 2004-05 through 2011-12 tax years, seeking property tax exemption for the subject property.  The Magistrate Division issued

---

[3] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2011.

decisions in each of Catland's appeals and Catland separately appealed each decision to the Regular Division of this court. The Regular Division issued judgments of dismissal in each appeal and no further appeals were taken to the Oregon Supreme Court. "If no appeal is taken to the Supreme Court, the decision of the court shall constitute a final determination of the matter." ORS 305.440(1). Thus, Catland received final adjudications of its requests for property tax exemption for the subject property for the 2007-08 through 2011-12 tax years.[4]

To the extent that Ocshner seeks to maintain claims on behalf of Catland for the 2012-13 and 2013-14 tax years, those claims are not properly before this court. As Defendant notes, Ochsner did not include an "assessment notice or tax billing for tax year 2012-13 with his complaint[,]" nor did he include an order or determination denying an application for property tax exemption for the subject property for the 2012-13 tax year. (*See* Def's Mot at 8.) Defendant argues that, if Ochsner's appeal for the 2012-13 tax year is an appeal from the 2012-13 property tax statement, Ochsner's appeal was not timely filed "within 90 days after the act, omission, order or determination [became] actually known" to Ochsner, under ORS 305.280(1). (*See id*.) Under ORS 311.250(1), property tax statements must be delivered or mailed "on or before October 25 in each year[.]" The court received no evidence of the date that Ochsner received the 2012-13 property tax notice for the subject property. If Ochsner received the 2012-13 property tax notice at the end of October 2012, then this appeal must have been filed no later than the end of January 2013. Ochsner's appeal was filed March 22, 2013.

Ochsner argues that his 2012-13 tax year appeal is timely because he "appealed the case at bar shortly after the decision from TC 5155 (appealed from TC-MD 111066C) was issued, or in other words within 90 days after the 'determination [became] actually known' to [him]. There

---

[4] That conclusion is consistent with the Order issued by the Magistrate Division in *Catland II*, dismissing Catland's appeal for the 2010-11 tax year based on the doctrines of issue and claim preclusion.

was clearly no reason for [Ochsner] to initiate another complaint with this court while there was a case currently pending trial, especially since said case should have certainly prevailed based on the preponderance of the evidence presented." (Ptf's Resp at 2, June 27, 2013.) "It has long been held in Oregon tax cases that each tax year stands alone; thus, each tax year is its own cause of action." *Safley*, WL 4923355 at *5 (Dec 2, 2010), citing *U.S. Bancorp v. Dept. of Rev.*, 15 OTR 13, 15 (1999). The Regular Division appeal, TC No 5155, involved the 2010-11 and 2011-12 tax years, not the 2012-13 tax year. The Judgment of Dismissal issued by the Regular Division in TC No 5155 for the 2011-12 tax year did not create a new right of appeal with the Magistrate Division for the 2012-13 tax year.[5]

The court lacks jurisdiction under ORS 305.275(1)(a) to consider Ochsner's appeal for the 2013-14 tax year. Under ORS 305.275(1)(a), a "person must be aggrieved by and affected by an act, omission, order or determination of" Defendant in order to appeal to the Magistrate Division. As noted by Defendant, property tax statements for the 2013-14 tax year had not been mailed as of the date Ochsner's Complaint was filed.[6] (*See* Def's Mot at 9.) Ochsner did not attach an order or determination for the 2013-14 tax year from which he appeals. The court is

/ / /

---

[5] ORS 305.285 states, in part:

"Whenever any property tax matter is appealed to the Department of Revenue, Oregon Tax Court or Supreme Court, and during the pendency of the appeal, no appeal is filed for a subsequent year or years, the taxpayer may, on or before December 15 of the year in which a final determination is made by the last body or tribunal to pass on the matter or within six months of such final determination, whichever is later, request the *department* to order the officer in charge of the rolls for the intervening years to correct all tax and assessment rolls for those years with respect to the property affected by such final determination."

(Emphasis added.) Thus, a final determination by this court may provide the taxpayer with a right to request that the Department of Revenue order a correction to the tax and assessment rolls. The court is not aware of a statute authorizing the taxpayer to make such a request of the court. Moreover, Catland's requests for property tax exemption for the subject property were denied or dismissed for the 2004-05 through 2011-12 tax years; thus, there is no basis to correct the tax and assessment rolls for the 2012-13 tax year.

[6] In fact, 2013-14 property tax statements have not been mailed as of the date of this Decision.

not aware of any other "act, omission, order or determination" for the 2013-14 tax year that could form the basis of Ochsner's appeal.

D.      *Defendant's request for frivolous appeal penalty and attorney fees*

Defendant requests that the court award it a frivolous appeal penalty in the amount of $2,500 pursuant to ORS 305.437(1) and "its attorney fees incurred in defending this frivolous and groundless suit" pursuant to ORS 20.105(1).[7]  (Def's Mot at 10-12.)

ORS 305.437 states, in part:

"(1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *.

"(2) As used in this section:

"(a) A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position."

To determine whether the basis for the claim was objectively reasonable, the court "assesses whether taxpayer's claims, defenses, or grounds for appeal were 'entirely devoid of legal or factual support at the time [they] were made.' " *Christenson v. Dept. of Rev.*, 18 OTR 269, 274 (2005) (citation omitted).  This court has, for example, determined that the argument that wages are not taxable income is frivolous.  *See, e.g., Negrete v. Dept. of Rev.*, 19 OTR 134, 137-38 (2006) (citation omitted) ("[t]he argument that wages are not taxable income * * * has

---

[7] ORS 20.105(1) states:

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

been repeatedly ruled frivolous by this court and the Oregon Supreme Court, as well as the United States Supreme Court[]").)

Ochsner's claim that the subject property is entitled to property tax exemption is not, by itself, a frivolous claim. Under ORS 307.130, qualifying property owned or leased by incorporated, charitable institutions is entitled to property tax exemption.[8] Defendant argues that Ochsner's claim that the subject property is entitled to property tax exemption is frivolous because it is a claim that has been previously denied by this court with respect to several of the tax years at issue in this appeal. The court agrees with Defendant that, when a taxpayer continues to assert a claim that was previously denied by this court, it may transform a claim that is not otherwise frivolous into a frivolous claim.

Ochsner's claim is this appeal is identical to the claims in *Catland* and *Catland II*, with the exception that Ochsner, rather than Catland, is the only named plaintiff in this case. For the reasons discussed above, naming Ochsner rather than Catland as the plaintiff in this appeal does not change the outcome of Ochsner's claim that the subject property should receive property tax exemption under ORS 307.130. However, the court is not persuaded that a frivolous appeal penalty under ORS 305.437 is supported in this case. Ochsner's appeal is dismissed, in part, because Ochsner is not an incorporated institution, as required by ORS 307.130 and, in part, because the claim that the subject property is exempt based on Catland's activities has been previously decided by this court for most of the tax years appealed. Although the claim that Ochsner, as an individual, is entitled to property tax exemption under ORS 307.130 is not well taken, it is not a claim that was addressed in *Catland* or *Catland II*. The court concludes that

---

[8] ORS 307.112(1) allows a property tax exemption for certain "[r]eal or personal property of a taxable owner held under lease, sublease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS * * * 307.130 * * *."

Ochsner's appeal is not frivolous under ORS 305.437. Defendant's requests for a frivolous appeal penalty under ORS 305.437(1) and its attorney fees under ORS 20.105(1) are denied.

E.       *Conclusion*

After careful consideration, the court concludes that Defendant's Motion to Dismiss should be granted. Ochsner is not an incorporated institution and cannot, therefore, receive property tax exemption for the subject property under ORS 307.130. To the extent Ochsner seeks property tax exemption for the subject property based on the activities of Catland, that claim was previously decided by this court for the 2007-08 through 2011-12 tax years and cannot be raised again in this appeal. Ochsner's appeal for the 2012-13 tax year was not timely filed. Ochsner's appeal for the 2013-14 tax year is not allowed under ORS 305.275(1)(a) because Ochsner is not aggrieved. Although Ochsner's claims in this appeal are not well taken, the court concludes that Ochsner's appeal is not frivolous. Defendant's requests for a penalty under ORS 305.437 and attorney fees under ORS 20.105(1) are denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

IT IS FURTHER DECIDED that Defendant's requests for a penalty under ORS 305.437 and attorney fees under ORS 20.105(1) are denied

Dated this ____ day of July 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.***

*This Decision was signed by Magistrate Allison R. Boomer on July 12, 2013. The court filed and entered this Decision on July 12, 2013.*