IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| MIKE E. HILLENGA and SHERI C. HILLENGA, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 130018N |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **FINAL DECISION** |

This Final Decision incorporates without change the court's Decision, entered May 25, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR–MD 16 C(1).[1]

Plaintiffs appeal Defendant's conference decision and Notices of Assessment for the 2007 and 2008 tax years, dated October 17, 2012. A trial was held in the Jill A. Tanner Mediation Center on April 5, 2016, in Salem, Oregon. Neither Plaintiffs nor their authorized representative, Kevin O'Connell, an Oregon attorney, appeared at trial. Matthew Derby (Derby), Tax Auditor, appeared and testified on behalf of Defendant. No exhibits were received from Plaintiffs. Defendant's Exhibits A through M were received without objection. No exhibits were received from Plaintiffs.

## I. STATEMENT OF FACTS

A. *Plaintiffs' Failure to Appear at Trial*

On March 5, 2013, the court issued an Order placing this matter in abeyance pending judgment in the Regular Division appeal *Marlin "Mike" E. Hillenga and Shari C. Hillenga v.*

---

[1] Tax Court Rules–Magistrate Division (TCR–MD)

*Department of Revenue, State of Oregon*, TC No 5086. That appeal involved Plaintiffs' 2006 Oregon income tax liability. On October 19, 2015, Defendant filed a Motion for Order Ending Abeyance (Motion), reporting that the relevant issues on appeal to the Regular Division had been resolved and requesting that the court reactivate this case.[2] Plaintiffs did not respond to Defendant's Motion and, on November 4, 2015, the court issued an Order Reactivating Case requiring Plaintiffs to provide within 30 days, three mutually convenient trial dates; a signed stipulation; or a request to withdraw their appeal. The court warned that failure to comply with its Order would result in the court setting this matter for trial at its convenience. The court's Order was returned on November 16, 2015, due to an outdated address. On November 17, 2015, the court mailed its Order to Plaintiffs' representative's current address and extended the response deadline to December 17, 2015.

As of December 24, 2015, the court had not received a response or any further communication from Plaintiffs. As a result, the court issued an Order Setting Trial, setting this matter for trial on April 5, 2016, and noting the exhibit exchange deadlines under Tax Court Rule-Magistrate Division (TCR-MD) 12. The court also sent a trial notice to the parties on December 24, 2015. The trial notice was sent to Plaintiffs' authorized representative at the email address he provided to the court. Neither the Order Setting Trial nor the trial notice was returned as undeliverable. Plaintiffs and their authorized representative failed to appear at trial on April 5, 2016. As of the date of this Decision, the court has received no further communication from Plaintiffs or their authorized representative.

/ / /

/ / /

---

[2] Defendant appealed a net operating loss issue to the Supreme Court, but that issue is not before the court in this matter. *See Hillenga v. Dept. of Rev.*, 358 Or 178, 361 P3d 598 (2015).

B.       *Plaintiffs' Additional Income in 2007*

Derby testified that, during Defendant's Conference for the 2007 and 2008 tax years, the parties discussed whether $16,257 of income to Plaintiffs reported on a 2006 Form 1099 from Space Systems/Loral (SSL) was properly reported for the 2006 or 2007 tax year. (*See* Def's Ex C at 4.) The Conference Officer wrote: "Even though this payment was included on the 2006 Form 1099 from SSL, [Plaintiffs] said [they] reported it in 2007 rather than 2006 because [they] received it in 2007." (*Id.*) The Conference Officer decided "that income from SSL is as reported on the 1099 forms they issued. This results in a decrease to income reported in 2007 * * *." (*Id.*)

Derby testified that the same income – $16,257 from SSL – was at issue in Plaintiffs' 2006 income tax appeal before the Regular Division of this court. (*See* Def's Ex E at 16.) In its Decision, the Regular Division wrote:

> "The department now concedes that one such adjustment – requiring taxpayers to recognize the full $196,591 reported on taxpayers' 2006 form 1099-MISC from Space Systems/Loral, rather than the $180,334 initially reported as gross receipts on taxpayers' 2006 Schedule C – was incorrect."

(*Id.*) Derby testified that the difference – $16,257 – was the same $16,257 of income referenced in the Conference Decision for the 2007 tax year. He testified that, because the parties agreed in the 2006 appeal that that income was properly reported in 2007, the court should make an adjustment to the 2007 Notice of Assessment for additional income of $16,257 from SSL.[3]

C.       *Plaintiffs' Office Deduction for their California Residence*

On their 2007 and 2008 federal income tax returns, Plaintiffs reported that 83.33 percent of their home was used for business and calculated total expenses of $12,252 (2007 tax year) and

---

[3] Derby testified that the conference decision appeared to include a mathematical or typographical error regarding Plaintiffs' 2007 income from SSL: $25,088 minus $8,843 equal $16,245. (*See* Def's Ex C at 4.) He stated that the amount of additional income from SSL in 2007 could be revised to $16,245 rather than $16,257.

$7,044 (2008 tax year) associated with the business use of their home. (Def's Ex A at 10; Ex B at 11.) The Conference Officer wrote that Plaintiffs' claimed home office deduction was associated with their Coloma, California home; "[n]o amount was claimed for the Ashland home." (Def's Ex C at 11.) The Conference Officer allowed 74 percent of substantiated home office expenses, which he found to be $1,271 in 2007 and $1,121 in 2008. (*Id.* at 12.) The substantiated expenses allowed were for electricity and kerosene. (*Id.*) The Conference Officer did not allow Plaintiffs' claimed deductions for utilities at their Ashland home. (*Id.*)

In its Answer, Defendant asserted a "Counterclaim" objecting to the Conference Officer's determination that Plaintiffs used 74 percent of their Coloma residence exclusively for business in 2007 and 2008. (Ans at 2.) Derby testified that Plaintiffs should not be allowed any home office deduction for the Coloma residence. He asked that the court apply the same analysis as in the Regular Division decision for Plaintiffs' 2006 appeal. (*See* Def's Ex E at 13.)

In its Decision for Plaintiffs' 2006 appeal, the Regular Division considered Plaintiffs' claim "that they used 2500 square feet in their home in Coloma, California 'regularly and exclusively' for business use." (Def's Ex E at 13.) The court concluded that Plaintiffs could only deduct expenses associated with the Coloma residence if it was their "principal place of business" under IRC section 280A(c)(1)(A). (*Id.* at 14.) The court concluded that Plaintiffs failed to meet their burden of proof on that issue, noting that they also appeared to have conducted business activities from their Ashland residence. (*Id.* at 15.)

Derby testified that two of Defendant's exhibits included documents Plaintiffs provided to Defendant to substantiate their claimed business expenses in 2007 and 2008. (Def's Ex J, Ex L.) He testified that the majority of those documents pertain to Plaintiffs' Ashland residence, not their Coloma residence, so he argued that Plaintiffs did not make sufficient business use of their

Coloma residence to claim any business deduction. Derby testified that he did not provide any of Plaintiffs' Coloma receipts with his exhibits.

## II. ANALYSIS

The issue before the court is Plaintiffs' Oregon personal income tax liability for the 2007 and 2008 tax years. Plaintiffs did not appear for trial or present any evidence in this matter. Defendant offered testimony and exhibits on two issues: (1) Plaintiffs' 2007 income; and (2) Plaintiffs' 2007 and 2008 deductions for the business use of their Coloma residence.

The court's authority to determine the correct amount of deficiency is derived from ORS 305.575 which "gives the Tax Court jurisdiction to determine the correct amount of that deficiency on grounds different from or other than those asserted by the department, and in an amount either less than or greater than the deficiency assessed by the department." *Hillenga v. Dept. of Rev.*, 358 Or 178, 185, 361 P3d 598 (2015). The Oregon Legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax and the revenue needs of the state[.]" ORS 316.007(1).[4] "Any term used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter." ORS 316.012. On the issues presented in this case, Oregon law makes no adjustments to the rules under the Internal Revenue Code (IRC). *See Negrete v. Dept. of Rev.*, 19 OTR 134, 136 (2006) (looking to federal definition of gross income under IRC section 61); *Hillenga v. Dept. of Rev.*,

/ / /

---

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2007. The 2005 ORS are applicable to the 2007 tax year, but the specific sections of the ORS cited are identical to 2007.

21 OTR 396, 408-409 (2014) (applying test under IRC section 280A(c)(1) for deduction of expenses related to dwelling unit).

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). Plaintiffs are the party seeking affirmative relief with respect to their claims. However, they did not appear for trial and did not offer any evidence in support of their claims. Plaintiffs' appeal must be denied. Defendant appeared for trial and offered evidence and testimony in support of two claims. Defendant is the party seeking affirmative relief with respect to its two claims and, therefore, bears the burden of proof by a preponderance of the evidence.

A.      *Plaintiffs' 2007 Income*

Gross income is "all income from whatever source derived" and includes "compensation for services[.]" IRC § 61(a). Plaintiffs received a 2006 Form 1099 reporting $16,257 of income from SSL. According to Defendant's Conference Decision, Plaintiffs reported that income in 2007 rather than 2006 because they received it in 2007. The Conference Officer concluded that the income from SSL should have been reported in 2006 and decreased Plaintiffs' 2007 income as a result. The Tax Court's Decision in Plaintiffs' 2006 tax year appeal reflects the parties' agreement that the $16,257 of income from SSL was properly recognized in 2007 rather than 2006. *Hillenga*, 21 OTR at 411. Defendant asks the court to revise the 2007 Notice of Assessment based upon the parties' agreement reflected in Regular Division decision for

/ / /

Plaintiffs' 2006 tax year appeal. The court agrees and finds Plaintiffs' 2007 Schedule C income should be increased by $16,257 based on the income Plaintiffs received from SSL.

B.      *Plaintiffs' 2007 and 2008 Home Office Deduction*

As this court explained in *Hillenga*, taxpayers may deduct under IRC § 280A(c)(1)(a) "expenses relating to portions of a dwelling unit 'exclusively used on a regular basis' * * * 'as the principal place of business for any trade or business of the taxpayer,' * * *." 21 OTR at 408-409. The court did not allow Plaintiffs any deduction associated with the business use of their Coloma residence in 2006 because Plaintiffs failed to meet their burden of proof. This court's determination for the 2006 tax year is not binding upon the 2007 or 2008 tax years because "each tax year stands alone" and "is its own cause of action." *Safley v. Jackson County Assessor*, TC-MD 091206C, WL 4923355 at *5 (Dec 2, 2010), citing *U.S. Bancorp v. Dept. of Rev.*, 15 OTR 13, 15 (1999).

For the 2007 and 2008 tax years, the Conference Officer allowed Plaintiffs deductions based on 74 percent business use of their Coloma residence. The Conference Officer applied that percentage to Plaintiffs' substantiated expenses, resulting in allowable deductions of $1,271 for the 2007 tax year and $1,121 for the 2008 tax year. Defendant asks the court to find that Plaintiffs' Coloma residence was not their principal place of business and, accordingly, disallow all expenses associated with that residence. Defendant provided two exhibits including receipts that Defendant found to be associated with Plaintiffs' Ashland residence. Defendant acknowledged that it did not provide any receipts associated with Plaintiffs' Coloma residence. Defendant's theory is that Plaintiffs' business use of their Ashland residence undermines their claim that their Coloma residence was their principal place of business.

/ / /

That court reviewed the exhibits provided by Defendant pertaining to Plaintiffs' Ashland residence and observed that many of the documents – including bank and credit card statements, hotel invoices, and auto insurance statements – list an Ashland PO Box as Plaintiffs' address. (*See generally* Def's Ex J, L.)  Those documents tend to show that Plaintiffs used an Ashland PO Box as their billing address for certain expenses.  However, they do not demonstrate whether or to what extent Plaintiffs used either their Ashland or their Coloma residence to conduct their business.  Defendant's exhibits also include telephone and utility bills associated with Plaintiffs' Ashland residence.  (*See* Def's Ex L.)  Those expenses were not allowed by the Conference Officer.  The Conference Officer found that Plaintiffs were domiciled in Oregon in 2007 and 2008.  Thus, it is unsurprising that Plaintiffs paid for utilities at their Ashland residence.  That fact alone does not support Defendant's conclusion that Plaintiffs' principal place of business was not their Coloma residence.[5]  Defendant failed to prove by a preponderance of the evidence that Plaintiffs' Coloma residence was *not* their principal place of business in 2007 and 2008, as the Conference Officer implicitly concluded by allowing the deductions.

## III.  CONCLUSION

After careful consideration, the court concludes that Plaintiffs' appeal must be denied. The court further concludes that Defendant proved by a preponderance of the evidence that Plaintiffs' 2007 Schedule C income should be increased by $16,257 based on the income Plaintiffs received from SSL.  The court further concludes that Defendant failed to prove by a preponderance of the evidence that Plaintiffs' Coloma residence was *not* their principal place of business in 2007 and 2008.  Now, therefore,

/ / /

---

[5] Moreover, if Plaintiffs' principal place of business was their Ashland residence, they may be entitled to a deduction under IRC section 280A(c)(1) associated with the business use of their Ashland residence.

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

IT IS FURTHER DECIDED that Plaintiffs' 2007 Schedule C income shall be increased by $16,257 based on the income Plaintiffs received from SSL.

IT IS FURTHER DECIDED that Defendant's request that the court disallow Plaintiffs' 2007 and 2008 home office deductions is denied.

Dated this ___ day of June 2016.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on June 14, 2016.*