IN THE OREGON TAX COURT
REGULAR DIVISION

John CHRISTENSON,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4703)

John Christenson, Plaintiff (taxpayer) argued the cause *pro se.*

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered April 22, 2005.

## HENRY C. BREITHAUPT, Judge.

# I. INTRODUCTION

This matter comes before the court for decision following trial. Plaintiff (taxpayer) alleges that Defendant Department of Revenue (the department) incorrectly determined his personal income tax liability for the 1996 through 2001 tax years.[1] The department contends that it properly determined taxpayer's tax liabilities for those tax years and requests that the court affirm its determinations and award it attorney fees and damages.

# II. FACTS

Taxpayer filed tax returns with the department for the 1996, 1997, and 1998 personal income tax years on September 27, 2000. Those returns were so-called "zero returns," meaning that taxpayer had filled in zeros on all lines of the tax returns related to the calculation of personal income taxation liability. On March 27, 2002, and on or about April 14, 2002, taxpayer filed zero returns with the department for the 2000 and 2001 personal income tax years, respectively.[2] Taxpayer did not initially file a 1999 personal income tax return.

Taxpayer testified that he believed that he was justified in filing zero returns. In particular, taxpayer believes that filing personal income tax returns—and personal income taxation in general for that matter—is voluntary. Taxpayer testified that he chose not to volunteer for personal income taxation from 1996 through 2001 because doing so

---

[1] Taxpayer also included the 2002 and 2003 personal income tax years in his Complaint. Those years were not at issue in the Magistrate Division. In its answer, the department denies having issued assessments for 2002 and 2003. Taxpayer did not mention the 2002 and 2003 years at the initial case management conference in this matter nor at trial; therefore, the court will rule on this matter as if it were in the nature of an appeal of the 1996 through 2001 personal income tax years and will not rule on the 2002 and 2003 personal income tax years.

[2] Although timing of filing is not at issue in this case, taxpayer claims that he submitted timely returns for each of the tax years at issue in this case. Taxpayer claims that the 1996, 1997, 1998, and 2000 "zero" tax returns are copies of returns that he had earlier submitted to the department. Although taxpayer claims that he retained copies of the earlier filed returns, he was not able to provide those to the court at trial.

would have required him to "work for free." Of each dollar that taxpayer earned from 1996 through 2001, taxpayer claims that child support payments, penalties, and arrearages totaled 55 cents. Taxpayer claimed that, if he had volunteered for personal income taxation, an additional 44 cents out of each dollar would go to the state and federal governments, leaving him with one penny out of each dollar he earned on which to live.

On March 12, 2001, the department issued a Notice of Determination and Assessment (NODA) to taxpayer for the 1999 personal income tax year, in which it assessed taxpayer a 100 percent penalty pursuant to ORS 314.400(3).[3] During 2002, the department issued Notices of Deficiency (NODs) and Notices of Tax Assessment (NOTAs) for the 1996, 1997, 1998, 2000, and 2001 personal income tax years. For each of those years, the department assessed taxpayer a $250 penalty for asserting a frivolous position (filing zero returns), as well as a 20 percent penalty for substantially understating his personal income.

Thereafter taxpayer initiated an appeal of the 1996 through 2001 personal income tax years in the Magistrate Division. During this period, Jason Barbee (Barbee), an auditor for the department, contacted taxpayer in an effort to bring taxpayer into compliance with Oregon personal income taxation laws. In response, taxpayer submitted unsigned "amended returns" for the 1996 through 2001 personal income tax years. On those returns taxpayer filled in many of the required areas of the forms for the first time, most notably the box for federal adjusted gross income.

On each of the unsigned tax returns, however, taxpayer made three written assertions: (1) wages are not income; (2) he had no tax liability (despite indicating refunds owed or taxes due on each return); and (3) he would not sign each return until he had written assurances from the Governor of Oregon that taxpayer was not waiving his Fifth Amendment rights by signing the returns. Despite receiving unsigned returns containing qualifications from taxpayer, Barbee continued to negotiate with taxpayer, at one time

---

[3] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

apparently offering to waive all interest and penalties if taxpayer would sign the "amended" returns and come into compliance with the tax laws. Taxpayer refused and, instead, requested that the department provide certain written assurances from the Governor. Apparently in response to that request, the department revoked its offer to waive penalties and interest.

The magistrate ruled in favor of the department and taxpayer filed this appeal. At trial, taxpayer offered two Notices of Return Adjustment (NORAs). Those NORAs indicate a total balance due of $0 from taxpayer for the 1996 and 1998 personal income tax years. Barbee testified that the department issued the NORAs for two years in which taxpayer filed zero returns and requested a refund. Barbee testified—and the record also indicates—that the department issued an offsetting NOD on the same day that it issued each NORA and that it also later issued a NOTA for each year. Taxpayer did not submit any other evidence.

## III. ISSUES

A. Did the department properly assess taxpayer for the 1996 through 2001 personal income tax years?

B. Is the department entitled to attorney fees?

C. Is the department entitled to damages?

## IV. ANALYSIS

### A. *1996 Through 2001 Personal Income Tax Years*

■  In his Complaint and at the outset of trial, taxpayer asked that the court permit him and the department to continue negotiating a settlement. Although the department and taxpayers may seek a settlement up to and during trial, once a trial is set and called to order, the court will hold the trial and, absent a settlement during trial, it will subsequently issue its ruling in a written opinion. The court permitted taxpayer to request on the record an opportunity to continue settlement negotiations. The department preferred to proceed

with the scheduled trial and no settlement was reached during the trial. That said, the court next turns to taxpayer's substantive legal arguments.

■　　Taxpayer claims that he chose not to comply with the Oregon state personal income taxation statutes because he believes that wages are not income and that reporting income is voluntary. Taxpayer's position is without merit. *Clark v. Dept. of Rev.*, 332 Or 236, 237, 26 P3d 821 (2001) ("Taxpayer's views concerning the voluntary nature of the income tax system and the nontaxability of wages paid by private employers for an individual's labor, however honestly held, are so incorrect as to render legal arguments based on them frivolous.").[4]

Taxpayer also claims that the department should waive all taxes, penalties, and interest because he has been the victim of alleged generalized mistreatment by the department. Taxpayer has not stated a legal basis upon which that alleged misbehavior might afford him any relief from interest and penalties.[5] Moreover, taxpayer did not offer proof that the department mistreated him. In fact, the department was at one point willing to waive over $10,000 in penalties alone if taxpayer would merely sign his "amended" returns and come into compliance with the tax laws of this state. Only after taxpayer required that the department provide certain written assurances from the Governor did the department revoke that offer.

In summary, taxpayer offered no legal or factual basis upon which the court could provide him the relief that he requested in his Complaint. As a result, the court concludes that the assessments of the department must be upheld and enforced against taxpayer.

---

[4] The department assessed a $250 penalty for the tax years in which taxpayer filed pursuant to ORS 316.992. That statute specifically defines a frivolous position as including "[a]n argument that wages or salary are not includable in taxable income." ORS 316.992(5)(c).

[5] Taxpayer may believe that the department committed a tort in this case, but such a claim is not within the jurisdiction of this court. *See Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983).

## B.  *Attorney Fees*

The department is the prevailing party in this case and, therefore, the court must award reasonable attorney fees to the department if the court determines that "there was no objectively reasonable basis for [taxpayer] asserting the claim * * * or ground for appeal." ORS 20.105(1). When determining whether an award of attorney fees is required under ORS 20.105, the court assesses whether taxpayer's claims, defenses, or grounds for appeal were "entirely devoid of legal or factual support at the time [they] were made." *Patton I v. Dept. of Rev.*, 18 OTR 126 (2004) (internal citations omitted). The court makes that assessment at the time the complaint is filed and on an ongoing basis thereafter by considering "whether a reasonable [litigant] would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Patton II v. Dept. of Rev.*, 18 OTR 256 at 262 (2005) (internal citations omitted).

■      As discussed above, taxpayer's claims were devoid of legal and factual support at all times in this proceeding; as such, taxpayer's claims were, at all times, objectively unreasonable. Having found that taxpayer's claims were not objectively reasonable, the court concludes that it must award attorney fees to the department pursuant to ORS 20.105.

## C.  *Damages*

■      The award of damages for frivolous or groundless appeals is governed by ORS 305.437, which states:

> "(1)   Whenever it appears to the Oregon Tax Court that * * * taxpayer's position * * * is frivolous or groundless, damages in the amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *

> "(2)   As used in this section, a taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position."

As discussed above, the court has concluded that taxpayer's claims were not objectively reasonable. Pursuant to ORS 305.437, therefore, the court must award damages to the

department. Based on this record, the court orders that damages in the amount of $2,500 shall be awarded to the department, inclusive of the amount awarded to the department by the magistrate.

## V.   CONCLUSION

Based on the foregoing reasons, the court concludes that the department properly calculated taxpayer's tax liability, penalty, and interest for taxpayer's 1996 through 2001 personal income tax years. Inherent in those conclusions is the fact that taxpayer's claims were devoid of any legal or factual basis and, therefore, were not objectively reasonable. Now, therefore,

IT IS THE DECISION OF THE COURT that taxpayer shall be assessed taxes, penalties, and interest consistent with the Notices of Tax Assessment for the 1996, 1997, 1998, 2000, and 2001 personal income years;

IT IS FURTHER DECIDED that taxpayer shall be assessed taxes, penalties, and interest consistent with the Notice of Determination and Assessment for the 1999 personal income tax year;

IT IS FURTHER DECIDED that the department shall be awarded reasonable attorney fees; and

IT IS FURTHER DECIDED that the department shall be awarded damages in the amount of $2,500.

Costs to Defendant.