IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| TODD RUSSELL RYAN | ) | |
| and MEREDITH RYAN, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 111220D |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appeal Defendant's Notice of Deficiency Assessment, dated August 22, 2011, for tax year 2010. The parties submitted the matter to the court on motion for summary judgment. Plaintiffs' filed their motion for summary judgment (Motion) on February 9, 2012. Defendant filed its Response to Motion for Summary Judgment (Response) on February 15, 2012. On March 9, 2012, Plaintiffs filed their reply (Reply). There is no dispute of material fact. This matter is ready for decision.

## I. STATEMENT OF FACTS

Plaintiffs allege that for tax year 2010 they had no federal taxable income. In support of their belief, Plaintiffs attached to their Complaint a copy of a document titled "Account Transcript" (Transcript) provided to Plaintiffs by the Internal Revenue Service and dated October 13, 2011. (Ptfs' Compl at 4.) The Transcript states that Plaintiffs' adjusted gross income was $595 and taxable income was zero for tax year 2010. In their Motion, Plaintiffs "acknowledge that there may be no grounds for holding the state to the federal gross income amount [reported by Plaintiffs on their Federal 1040EZ Form], but given that all Oregon laws are based off of the federal laws, as stated at the following, they must follow the same rules as apply in the Internal Revenue Code[,]" citing ORS 316.012, ORS 316.013 and ORS 316.048. (Ptfs' Mot at 1, 2.)

DECISION  TC-MD 111220D                                                                                          1

Plaintiffs allege that "[t]he federal government has had my return for close to a year, and given that the Secretary has the ability to change or challenge my return, but has not done so, is supporting evidence that my return, as filed, is correct according to the laws of the federal government and the [Internal Revenue Code (IRC)], which the state heavily relies on in the structure of its laws." (Ptfs' Reply at 1.) Plaintiffs conclude that "a direct income tax on all receipts, without being apportioned, is illegal according to the constitution." (*Id*. at 2.)

Plaintiffs allege that "the IRC and it's regulations are very friendly and in line with the Constitution, because the current definition of gross income includes the disclaimer that income, more aptly described as general receipts, excluded by fundamental law, or the Constitution, refers to all receipts for private sector pay for work that is not connected with Gains or Profits, or privileged work, as in working directly for the government itself." (*Id*. at 3 (emphasis omitted).) Plaintiffs concluded, stating that "[t]he tacit acceptance and silent agreement with my returns by the federal government, by way of not taking any action, confirm that my understanding of the law is sound." (*Id*. at 5.)

In its Response, Defendant states that:

"[u]pon filing his return, he [(Todd Ryan)] attached paystubs showing $28,319 in earnings from CEC Em[p]loyee Group LLC and $403.75 from Ultimate Staffing Services. The Department used this information along with data received from The Oregon Department of Employment to determine Plaintiff's tax liability. Plaintiff does not argue that he [did not] receive[] this money, rather, his argument is that the money he received should not be classified as wages.

"* * * * *

"Mr. Ryan's return claimed $0 for wages when it was clear that he earned wages during the year. In prior correspondence, I have shown Mr. Ryan why his return is considered frivolous and why his arguments are flawed. As I have previously told Mr. Ryan, the Oregon Tax Court has been clear about what to expect from this type of filing."

(Def's Resp at 1-2 (citations omitted).)

## II. ANALYSIS

The issues before the court are whether Plaintiffs failed to report wages as taxable income and whether Defendant is entitled to damages under ORS 305.437.[1] This court has previously issued opinions and decisions for cases with facts similar to Plaintiffs'.

Oregon imposes an income tax on the "entire taxable income" of residents. ORS 316.037(1)(a). ORS 316.022(6) defines taxable income as "the taxable income as defined in * * * section 63 of the Internal Revenue Code, with such additions, subtractions and adjustments as are prescribed by this chapter." IRC section 63 provides that "the term 'taxable income' means gross income minus the deductions allowed by this chapter."[2] Gross income is "all income from whatever source derived" and includes "[c]ompensation for services." IRC § 61.

Plaintiffs allege that wages reported by two employers as earned by Todd Ryan are not taxable income. Plaintiffs do not allege that those wages were not earned by Todd Ryan.

In *Negrete v. Dept. of Rev.* (*Negrete*), 19 OTR 134, 137 (2006), the court held:

> "Other taxpayers have attempted the same or similar arguments in the past to no avail. *See Combs v. Dept. of Rev.* [(Combs)], 15 OTR 60, 61 (1999) *aff'd*, 331 Or 245, 14 P3d 584 (2000) (holding that such a claim was 'unrealistic and uninformed' and that 'wages are clearly taxable'); *Christenson v. Dept. of Rev.*, 18 OTR 269, 273 (2005) (holding that such a position 'is without merit'); *Clark v. Dept. of Rev.*, 15 OTR 197, 200 (2000), *aff'd*, 332 Or 236, 26 P3d 821 (2001) (stating that such a view is 'patently distorted and removed from reality'). In addition, Oregon has adopted by reference federal income tax law, including judicial determinations, *see* ORS 316.032, and '[f]ederal courts repeatedly have rejected, as frivolous and without basis in the [IRC], the argument * * * that wages are not taxable income.' *Combs*, 331 Or at 248 (citing *Sullivan v. United States*, 788 F2d 813, 815 (1st Cir 1986))."

/ / /

---

[1] All references t the Oregon Revised statutes (ORS) are to 2009.

[2] All references to the Internal Revenue Code (IRC) are to 2010.

/ / /

In the case before the court, the court concludes that wages are clearly taxable as income. Defendant properly determined that Plaintiffs failed to report those wages as taxable income and correctly computed Plaintiffs' income tax liability for tax year 2010.

ORS 305.437 governs the award of damages for frivolous appeals. That statute provides, in pertinent part, that damages not to exceed $5,000 are to be awarded to the department "[w]henever it appears that * * * the taxpayer's position * * * is frivolous or groundless." ORS 305.437(1). A taxpayer's position is frivolous "if there was no objectively reasonable basis for asserting the position." ORS 305.437(2)(a). To determine whether the basis for the claim was objectively reasonable, the court "assesses whether taxpayer's claims, defenses, or grounds for appeal were entirely devoid of legal or factual support at the time they were made." *Christenson v. Dept. of Rev.*, 18 OTR 269, 274 (2005) (citation omitted).

The court in *Negrete* stated:

"The argument that wages are not taxable income advanced by taxpayer has been repeatedly ruled frivolous by this court and the Oregon Supreme Court, as well as the United States Supreme Court. *See*, *e.g., Combs*, 331 Or at 248 (rejecting the same argument as having no objective reasonable basis in federal or state law and holding the argument frivolous)."

*Negrete*, 19 OTR at 137-38.

In the case before the court, Plaintiffs' claims lack any factual or legal support and are, therefore, objectively unreasonable. Accordingly, the court awards damages to Defendant in the amount of $500.

## III. CONCLUSION

After careful review of the pleadings, the court concludes that Plaintiffs failed to properly report taxable income for tax year 2010. Plaintiffs' contention that wages are not taxable income is not objectively reasonable because it is without legal or factual support and is therefore

frivolous.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

IT IS FURTHER DECIDED that Defendant shall be awarded damages in the amount of $500.

Dated this ___ day of April 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on April 25, 2012.  The Court filed and entered this document on April 25, 2012.*

DECISION  TC-MD 111220D                                                                    5