IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MARCUS A. GOSSACK,           )
                                      )
           Plaintiff,           )    TC-MD 140320N
                                        )
          v.                 )
                                        )
DEPARTMENT OF REVENUE,     )
State of Oregon,                 )
                                        )
          Defendant.        )    **FINAL DECISION**

This Final Decision incorporates without change the court's Decision entered

December 22, 2014. The court did not receive a request for an award of costs and disbursements

within 14 days after its Decision was entered. *See* TCR-MD 16.

Plaintiff appeals Defendant's Notice of Determination and Assessment, dated

April 21, 2014, for the 2010 tax year. During the August 28, 2014, case management

conference, the parties agreed to a written briefing schedule, which was memorialized in the

court's Journal Entry, issued on August 28, 2014. Plaintiff filed his Written Argument

(Argument) on September 29, 2014, to which Defendant filed a Written Response (Response) on

October 15, 2014. On November 3, 2014, Plaintiff filed a reply (Reply). This matter is now

ready for the court's determination.

## I. STATEMENT OF FACTS

During 2009, Plaintiff and a subsidiary of ETG, Inc. (ETG) entered into a "Work

Agreement." (Ptf's Ex 7.) According to the terms of that agreement, Plaintiff would provide

labor to ETG to assist with "technical work, technical sales support and system automation."

(*Id*.) At some point, ETG issued a 1099-MISC to the Internal Revenue Service (IRS) and

Defendant reporting $71,040 paid to Plaintiff in 2010 for "Non-Employee Compensation" by

ETG. (*See* Ptf's Ex 1 at 9-10.) Following receipt of the 1099-MISC, Defendant sent Plaintiff a Request-to-File Notice on November 14, 2012. (Ptf's Ex 9 at 1.) Plaintiff responded by letter dated December 5, 2012, stating "I am continuing my research into the additional laws within Oregon, though to date [I have found] none which require me to file based on all my research of the current law." (*Id*. at 2.) On August 8, 2013, Defendant replied noting "[t]he claims you make are groundless and do not relieve you of your state tax obligation." (*Id*. at 5.)

When Plaintiff failed to file an income tax return for 2010, Defendant issued a Notice of Determination and Assessment on April 21, 2014, assessing $4,850.00 in income tax based on the $71,040.00 reported in ETG's 1099-MISC, and $2,425.00 and $668.48 in penalty and interest, respectively. (Ptf's Ex 3 at 1.) On April 15, 2014, Plaintiff mailed to Defendant a "zero return" and a new 1099-MISC showing zero non-employee compensation for tax year 2010.[1] (Ptf's Ex 1 at 1-3.) Defendant stated that it received Plaintiff's return on April 23, 2014. (Def's Answer at 4.) Defendant mailed to Plaintiff a Notice and Demand for Payment for a tax debt of $7,963.38 on May 28, 2014, and a Distraint Warrant for $7,989.47 on July 3, 2014. (Ptf's Ex 2, Ex 4 at 1.) Plaintiff responded to the Distraint Warrant on July 11, 2014, objecting to the debt, requesting answers to certain questions, and notifying Defendant that an "[a]ppeal has been filed with the Magistrate Division * * *." (Ptf's Ex 5.) Plaintiff filed this appeal on July 14, 2014. (Ptf's Compl at 1.) As a result of the appeal, Defendant "rushed [Plaintiff's return] for processing so that [Defendant] could have a complete and accurate statement to [] present[]" before the court. (Def's Answer at 2.) Defendant provided a notice to Plaintiff on August 1, 2014, "detailing the adjustments made to his return at processing and explaining the tax owed for the year." (*Id*.) A copy of that notice was not provided to the court.

---

[1] A "zero return" is an income tax return containing only zeros where a taxpayer would typically indicate taxable income or income tax liability. *Christenson v. Dept. of Rev. (Christenson)*, 18 OTR 269, 270 (2005).

Plaintiff does not dispute that he earned compensation for services provided to ETG in 2010, nor does he disagree with the reported amount earned; instead, he challenges his status and the status of those earnings as "taxable income." (Ptf's Written Argument at 1.) Plaintiff argues that he was not a taxpayer and the $71,040 was not "taxable income" and, therefore, cannot be subject to taxation by Defendant. (*Id.*) To challenge Defendant's reliance on the original 1099-MISC information return, Plaintiff submitted a new 1099-MISC form with zero entered under nonemployee compensation. (Ptf's Ex at 1 at 3.) Plaintiff also provided a copy of a document entitled "ETG, Inc. Clarification" signed by Edward T. Gossack, former owner for ETG, stating "[a]ll pay was common and private to [Plaintiff] personally. Any information return (1099's) filed by ETG, Inc. used to suggest otherwise is invalid and void." (Ptf's Ex 8.) Plaintiff summed up his position by stating "Remuneration while an Oregon resident is not sufficient to be subject to the income tax. * * * [D]efendant seems to be labeling my activity as self-employment without providing clear, factual, positive evidence that fits properly within the legal definition of the character of self-employment [] or any other positively taxable activity." (Ptf's Resp at 5-6 (emphasis omitted).)

Defendant responded by requesting additional penalties, including a "20% Substantial Understatement Penalty (ORS 314.402), 100% Intent to Evade Penalty (ORS 314.400(6)), and $250 Frivolous Return Penalty (ORS 316.992)." (Def's Written Resp at 2.) Defendant also requested a frivolous appeal penalty under ORS 305.437. (*Id*.) Defendant noted that "Plaintiff was engaged in a taxable activity from which taxable income was generated," and he "has not shown that the amount he was paid for his labor by ETG[] is exempted from gross income, federal taxable income, and Oregon taxable income as defined by IRC 61(a), IRC 63(a), and ORS 316.048." (*Id*. at 1.)

## II. ANALYSIS

Before the court are two issues: (1) whether Plaintiff is liable for Oregon income tax for the 2010 tax year, and (2) whether Defendant is entitled to its four requested penalties under ORS 314.402; ORS 314.400(6); ORS 316.992; and ORS 305.437.[2] The matter is before the court now on the parties' written arguments, which the court construes as cross-motions for summary judgment. The court applies the summary judgment standard set out in Tax Court Rule (TCR) 47 C:[3]

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

Plaintiff appeals from Defendant's Notice of Determination and Assessment and, therefore, Plaintiff carries the burden of demonstrating that either the factual or legal basis for Defendant's assessment is in error. *Buras v. Dept. of Rev. (Buras)*, 17 OTR 282, 285 (2004); *see also* ORS 305.427 ("[t]he burden of proof shall fall upon the party seeking affirmative relief"). Because the parties have articulated no factual disagreement, Plaintiff can prevail here only if he shows a flaw in Defendant's legal basis such that Plaintiff is "entitled to prevail as a matter of law" on the issue of the assessment. Likewise, Defendant carries the burden of proof as to its requests that the court impose additional penalties. *See* ORS 305.427.

/ / /

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2009.

[3] The Magistrate Division applies Regular Division Rules, here TCR 47, through the preface to the Magistrate Division Rules, which states, "If circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

A.    *Plaintiff's 2010 Tax Liability*

Under Oregon law, "A tax is imposed for each taxable year on the entire taxable income of every resident of this state." ORS 316.037(1)(a).  Plaintiff lived and worked in Oregon during 2010.  He has not alleged any facts to demonstrate residency in any other state; therefore, the court will consider Plaintiff an Oregon resident.  The legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code [(IRC)] relating to the measurement of taxable income of individuals * * *."  ORS 316.007(1).  Specifically, ORS 316.022(6) provides that under Oregon law, taxable income "means the taxable income as defined in subsection (a) or (b), section 63 of the [IRC][.]"  IRC section 63(a) states that taxable income is "gross income minus the deductions allowed by this chapter (other than the standard deduction)."  Under IRC section 61(a), gross income is defined as "all income from whatever source derived," and specifically includes "[c]ompensation for services * * *."

Plaintiff argued that because he is not an employee, nor is he "self-employed," any income he received in 2010 is not taxable income.  Plaintiff wrote, "Remuneration while an Oregon resident is not sufficient to be subject to the income tax. * * * [D]efendant seems to be labeling my activity as self-employment without providing clear, factual, positive evidence that fits properly within the legal definition of the character of self-employment [] or any other positively taxable activity."  (Ptf's Resp at 5-6 (emphasis omitted).)  Plaintiff discussed the characteristics of a "trade or business," the nature of the term "subject to," and how to define "self-employment."  (*Id*. at 1-6; Ptf's Reply at 2-3.)  In particular, he questioned Defendant's ability to tax what he terms "private pay," stating that "the tax laws do not extend to include private pay for common occupation, being distinct from pay for occupation of a taxable activity."  (Ptf's Reply at 2; *see* Ptf's Resp at 1-6.)  According to Plaintiff, taxable activity applies to

"someone engaged in a government contract, a government employment," or a public official. (Ptf's Reply at 2-3.)

Plaintiff poses the question, "Does remuneration of any and all kinds become taxable income in Oregon if simply [a] resident of Oregon?"[4] (Ptf's Resp at 2.) IRC section 61(a) states "income from whatever source derived," including "compensation for services," is to be treated as taxable income. ORS 316.022(6) expressly follows that definition for taxable income. Plaintiff does not dispute that he received payment in the amount of $71,040 as compensation for services rendered to ETG in 2010. Those payments were taxable income under the IRC. Plaintiff's argument that the compensation he received for his services was "private pay" and, therefore, not subject to taxation is clearly wrong. Under the definition Plaintiff sets out in his arguments, only the compensation received by government employees or elected officials would be taxable. Millions of citizens who do not fit that definition pay taxes on income every year. Plaintiff's position is based on statutes that do not apply to the facts here and "raises spurious constitutional arguments patched together with citations taken completely out of context." *Buras*, 17 OTR at 288.

Plaintiff has failed to carry his burden of proof to demonstrate he is entitled to relief from Defendant's assessment. The compensation received by Plaintiff in 2010 in the amount of $71,040 for services rendered to ETG is subject to Oregon income taxes as assessed by Defendant.

Plaintiff also challenges the interest and 50 percent penalty Defendant imposed in the April 21, 2014, Notice of Determination and Assessment. Under ORS 314.400(1)-(2), Defendant may impose individual penalties of five, 20, and 25 percent for failure to timely file a

---

[4] To remunerate is "(1) [] to pay an equivalent for (as a service, loss, expense) [] (2) to pay an equivalent to (a person) for a service, loss or expense." *Webster's Third New Int'l Dictionary* 1921 (unabridged ed 2002).

return, a failure to file for more than three months, and a failure to file following a notice and demand to do so. ORS 314.400(1)-(2).[5] In addition, that statute specifically allows for the imposition of all three penalties without concern for any potential duplicative effect. ORS 314.400(8) (stating "[e]ach penalty imposed under this section is in addition to any other penalty imposed under this section."). Plaintiff failed to file his 2010 return for almost three years, including for a period of time following Defendant's request to file; therefore, those penalties were properly assessed. Interest is mandatory and applied to unpaid taxes. ORS 314.400(7). The court finds that Defendant correctly assessed taxes based upon Plaintiff's income of $71,040 in 2010. Thus, Defendant also correctly imposed interest on any unpaid taxes.

B.    *Defendant's Requested Penalties*

Defendant seeks an award of damages under ORS 305.437 for Plaintiff's frivolous appeal. Defendant also requests additional penalties under ORS 314.402 for the substantial understatement of income, under ORS 314.400(6) for the intent to evade taxation, and under ORS 316.992 for the filing of a frivolous return. Defendant recognizes that the additional

---

[5] ORS 314.400 states, in part,

"(1) If a taxpayer fails to file a report or return or fails to pay a tax by the date on which the filing or payment is due, the Department of Revenue shall add to the amount required to be shown as tax on the report or return a delinquency penalty of five percent of the amount of the unpaid tax.

"(2) In the case of a report or return that is required to be filed annually or for a one-year period, if the failure to file the report or return continues for a period in excess of three months after the due date:

   (a) There shall be added to the amount of tax required to be shown on the report or return a failure to file penalty of 20 percent of the amount of the tax; and

   (b) Thereafter the department may send a notice and demand to the person to file a report or return within 30 days of the mailing of the notice. If after the notice and demand no report or return is filed within the 30 days, the department may determine the tax according to the best of its information and belief, assess the tax with appropriate penalty and interest plus an additional penalty of 25 percent of the tax deficiency determined by the department and give written notice of the determination and assessment to the person required to make the filing."

penalties under ORS 314.402, 314.400(6), and 316.992 should have been assessed when Defendant processed Plaintiff's return, but stated that the processing phase was rushed so Defendant "could have a complete and accurate statement to [] present[]" before the court. (Def's Answer at 2.) As noted earlier, because Defendant is the party seeking affirmative relief regarding those penalties, it bears the burden of proof as to those requests.

       1.     *Substantial Understatement of Income Penalty*

Under ORS 314.402, when reported income is understated in excess of $15,000 in a taxable year, "there shall be added to the amount of tax required to be shown on the return a penalty equal to 20 percent of the amount of any underpayment of tax attributable to the understatement of taxable income." Typically, Defendant assesses the ORS 314.402 penalty once an understatement is identified; upon appeal, the court would review a plaintiff's request to reverse that assessment. Here, Defendant failed to assess the penalty before appeal and is, instead, asking the court to do so now; as a result, Defendant bears the burden of demonstrating the penalty should be imposed.

The text of ORS 314.402 is mandatory, requiring the penalty whenever income is understated by more than $15,000. The court has concluded that Defendant properly attributed to Plaintiff taxable income of $71,040 for tax year 2010. Plaintiff claimed zero income in 2010. Therefore, the court finds that Plaintiff's income was understated by significantly more than $15,000. A penalty of 20 percent of "any underpayment of tax attributable to the understatement of taxable income" is properly assessed against Plaintiff.

       2.     *Intent to Evade Penalty*

ORS 314.400(6) states, in part, that a "penalty equal to 100 percent of any deficiency determined by [Defendant] shall be assessed and collected if: * * * (b) A report or return was

falsely prepared and filed with the intent to evade the tax[.]" Therefore, to be subject to the penalty, Plaintiff's return must have been both (1) falsely prepared, and (2) filed with the intent to evade the tax. A return is falsely prepared if it is incorrect. *DeBoer v. Dept. of Rev.* (*DeBoer*), TC-MD No 140027N, WL 4783255 at \*10 (Sept 25, 2014). Here, Plaintiff prepared a zero return, claiming no income for tax year 2010. As discussed above, that was clearly incorrect.

This court has previously construed the "intent to evade" standard in ORS 314.400(6) and concluded that "tax fraud case law [is] persuasive authority in applying the 'intent to evade' standard." *DeBoer*, 2014 WL 4783255 at \*11. "Fraud is never presumed." *Conzelmann v. N.W.P. & D. Prod. Co.*, 190 Or 332, 350, 225 P2d 757 (1950). "The existence of fraud is a question of fact to be resolved upon consideration of the entire record." *DeVries v. Comm'r* (*DeVries*), 102 TCM (CCH) 125, WL 3418248 at \*5 (Aug 4, 2011) (citations omitted). Because direct evidence of a plaintiff's intent to evade tax is rarely available, courts typically consider circumstantial evidence, known as the "badges of fraud," which include "(1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; and (6) failure to cooperate with tax authorities." *Edelson v. Comm'r*, 829 F2d 828, 832 (9th Cir 1987) (citations omitted).

Courts have found other circumstantial evidence of the intent to evade to be persuasive, including: a plaintiff's prior compliance with filing requirements (*e.g.*, properly filing income tax returns in prior years), particularly when followed by an extended period of failing to file; a plaintiff's filing of false W-4 forms; a plaintiff's testimony that seems implausibly forgetful or evasive; a plaintiff's destruction or loss of records; and a plaintiff's failure to comply with the taxing authorities' efforts to determine income. *DeVries*, 2011 WL 3418248 at \*5-8; *Granado v. Comm'r* (*Granado*), 792 F2d 91, 93 (7th Cir 1986); *Harrell v. Comm'r*, 75 TCM (CCH) 2458,

WL 310918 at *5-7 (June 15, 1998); *United States v. McCarville*, WL 22327931 at *8-9 (Aug 21, 2003). In *DeVries*, the Tax Court noted that "[t]ax protester arguments may not be evidence of fraud in and of themselves, but they may be indicative of fraud if made in conjunction with affirmative acts designed to evade paying Federal income tax." 2011 WL 3418248 at *8.

The court finds that the following undisputed evidence supports the conclusion that Plaintiff intended to evade Oregon income tax for the 2010 tax year: Plaintiff's 2010 zero return; Plaintiff's altered 1099-MISC claiming zero nonemployee compensation for the 2010 tax year; and Plaintiff's frivolous arguments that his 2010 income is not subject to Oregon income tax.

In response to Defendant's request to impose the intent to evade penalty, Plaintiff wrote that "it is abundantly clear that [his] intent has been to uphold the law to be within its legal bounds and not extend where it is unlawful to do so." (Ptf's Reply at 7.) In other words, Plaintiff maintains that the intent to evade penalty should not be imposed in this case because he has been "abundantly clear" about his view that he is not liable for 2010 Oregon income tax for the reasons discussed above and rejected by this court.

In *Edelson*, the taxpayer argued that "there was no fraud because [taxpayer] openly informed the IRS of his willful refusal to file." 829 F2d at 832. The Ninth Circuit reviewed other circuit court opinions considering that defense. *Id.* at 832-33. The Third Circuit had concluded that "filing false W-4 forms and an invalid tax return did not amount to fraud under section 6653(b) when the taxpayer also informed the IRS he was not going to pay income taxes." 829 F2d at 832, citing *Raley v. Comm'r*, 676 F2d 980, 984 (3rd Cir 1982). In contrast, the Tenth Circuit "found the taxpayer guilty of tax fraud because his filing of false W-4 forms provided an 'affirmative act of concealment or misrepresentation' amounting to fraud." 829 F2d at 832,

citing *Zell v. Comm'r*, 763 F2d 1139, 1144 (10th Cir 1985). Ultimately, the Ninth Circuit was persuaded by one of its prior opinions, *Powell v. Granquist*, 252 F2d 56, 61-62 (9th Cir 1958), in which the court reasoned, "it is difficult to see why open defiance of a known law, with no attempt to hide such defiance, should any more negative the existence of fraudulent intent than where defiance in fact is subsequently guised under a claim of ignorance." *Id.* at 833 (internal quotation marks omitted). Ultimately, the Ninth Circuit in *Edelson* upheld the fraud penalty, concluding, "[w]hether or not [the taxpayer] disclosed his willful refusal to file is therefore irrelevant to the tax court's finding of fraud * * *." *Id.* The Seventh Circuit followed the Ninth Circuit, concluding "the fact that [Plaintiff] told [Defendant] that he was evading taxes does not make it any less fraudulent." *Granado*, 792 F2d at 93. In that case, the Seventh Circuit affirmed the Tax Court's conclusion that "the filing of the false W-4s, thereby eliminating withholding, combined with the failure to file tax returns for 1980 and 1981 established an intent to evade the payment of income taxes and justified the imposition of the civil fraud penalties." *Id.* at 92.

Plaintiff has not presented credible evidence to rebut the finding that he intended to evade his 2010 Oregon income taxes. Instead, Plaintiff relied on his arguments that he is not liable for 2010 Oregon income tax. After considering the undisputed evidence presented in this case, the court finds that Plaintiff filed a falsely prepared income tax return for the 2010 tax year with the intent to evade Oregon income tax. Defendant's request to impose the intent to evade penalty under ORS 314.400(6) is therefore granted.

ORS 314.400(8) states,

> "Each penalty imposed under this section is in addition to any other penalty imposed under this section. However, the total amount of penalty imposed under this section and ORS 305.265(13) with respect to any deficiency shall not exceed 100 percent of the deficiency."[6]

---

[6] ORS 305.265(13) states, in part, "If the return was falsely prepared and filed with intent to evade the tax, a penalty equal to 100 percent of the deficiency shall be assessed and collected."

Defendant assessed, and the court upheld, a 50 percent penalty under 314.400(1)-(2). Although ORS 314.400(6) imposes a 100 percent penalty, the court concludes that the penalty must be limited to 50 percent pursuant to ORS 314.400(8).

       3.      *Frivolous Return Penalty*

      Defendant asks the court to assess a $250 penalty against Plaintiff under ORS 316.992 for filing a frivolous return. ORS 316.992(1) states,

> "The Department of Revenue shall assess a penalty of $250 against any individual who files what purports to be a return of the tax imposed by this chapter but which:
>
> (a) Does not contain information on which the substantial correctness of the self-assessment may be judged; or
>
> (b) Contains information that on its face indicates that the self-assessment is substantially incorrect."

ORS 316.992(2) further states that the penalty may only be imposed if Plaintiff's conduct is due to either "[a] position which is frivolous[,] or [] [a]n intention, apparent on the face of the purported return, to delay or impede the administration of the income tax laws of this state."

      ORS 316.992(1) directs the "Department of Revenue" to assess the frivolous return penalty. ORS 316.992(3) specifically permits a taxpayer to appeal a frivolous return penalty to the tax court. ("Any person against whom a penalty is assessed under this section may appeal to the tax court as provided in ORS 305.404 to 305.560.") Nothing in ORS 316.992 empowers the court to impose the penalty where Defendant has failed to do so. Here, Defendant failed to assess a penalty under ORS 316.992. Unlike the other statutes discussed above, ORS 316.992(1) is clear in its directive, permitting only the Department of Revenue to impose the frivolous return penalty. The court will not read words into the statute that are omitted. *See* ORS 174.010 (stating "[i]n the construction of a statute, the office of the judge is simply to ascertain and

declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted[.]").  Defendant's request that the court impose the $250 frivolous return penalty under ORS 316.992 is denied.

C.      *Frivolous Appeal Penalty*

ORS 305.437(1) states, "Whenever it appears to the Oregon Tax Court * * * that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue * * *."  If "there was no objectively reasonable basis" for taxpayer's "claim, defense or argument" then the court will find taxpayer's position to be frivolous.  ORS 305.437(2).  Although Plaintiff may genuinely believe his position is correct, that does not make it objectively reasonable.  *Clark v. Dept. of Rev.*, 332 Or 236, 237, 26 P3d 821 (2001) (holding that taxpayer's views "however honestly held, are so incorrect as to render legal arguments based on them frivolous.").  The court must determine whether Plaintiff's claims were "entirely devoid of legal or factual support at the time [they] were made."  *Christenson*, 18 OTR at 274 (citation omitted).  A position is devoid of factual support if "no evidence is offered that, if believed, would support a finding and a resulting judgment for the taxpayer * * *."  *Detrick v. Dept. of Rev.*, 311 Or 152, 157, 806 P2d 682 (1991).  To conclude that a position is devoid of legal support is to say that "there is no law – case law, statute, rule or regulation – that supports the taxpayer's claim to relief * * *."  *Id*.

Here, Plaintiff presents an exemption from taxation argument that the court has heard in many different variations in the past; in each case, the court has ruled that the claim lacks support in fact or law and is objectively unreasonable.  *See Negrete v. Dept. of Rev.*, 19 OTR 134, 137 (2006) (holding that a similar argument that wages were not taxable income "has been repeatedly ruled frivolous"); *Combs v. Dept. of Rev.*, 15 OTR 60, 61 (1999) (determining that a similar

position is "unrealistic and uninformed"); *Dept. of Rev. v. Faris II*, 19 OTR 357, 363 (2007) (holding that a position that "wages or earnings are not income" has proved to be a failed argument). As a result, the court finds here that Plaintiff's arguments are also objectively unreasonable, despite Plaintiff's subjective belief in them. Once the court determines that Plaintiff's position is objectively unreasonable, it must determine the correct penalty to impose under ORS 305.437. Here, an award of $500 is appropriate.

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiff's appeal is denied. Defendant's requests for penalties under ORS 314.402, 314.400(6), and 304.437 are granted. Defendant's request that the court impose a frivolous return penalty under ORS 316.992 is denied. Now, therefore,

IT IS THE DECISION OF THE COURT that Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Defendant's request for a 20 percent substantial understatement of income penalty under ORS 314.402 is granted.

IT IS FURTHER DECIDED that Defendant's request for the imposition of the intent to evade penalty under ORS 314.400(6) is granted. However, the penalty is limited to 50 percent pursuant to ORS 314.400(8).

IT IS FURTHER DECIDED that Defendant's request that the court impose a $250 frivolous return penalty under ORS 316.992 is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Defendant's request for the imposition of a frivolous appeal penalty under ORS 304.437 is granted. Defendant is awarded a penalty in the amount of $500.

Dated this ＿＿ day of January 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this final decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the final decision or this final decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on January 8, 2015. The court filed and entered this document on January 8, 2015.*