IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| MICKEY JIMENEZ<br>and THERESA L. JIMENEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 200039G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | **ORDER DENYING PLAINTIFFS'** |
| State of Oregon, | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | **AND GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION FOR SUMMARY JUDGMENT** |

At issue on cross-motions for summary judgment is Plaintiffs' claim that Defendant lacks authority to adjust their zero returns for 2016, 2017, and 2018. The court finds for Defendant and awards the frivolous appeal penalty.

## I. FACTS

Plaintiffs claimed zero income on their 2018 Oregon and federal returns and on Oregon amended returns filed for 2016 and 2017. The IRS accepted Plaintiffs' 2018 federal return and refunded them $8,020 of W-2 and 1099 withholding with interest. (Compl at 11.)

According to Defendant, Plaintiffs' W-2 forms for 2016, 2017, and 2018 report Oregon-source income. Plaintiffs allege that their "private sector earnings" for those three years generated no taxable income.

Defendant adjusted Plaintiffs' 2018 Oregon wages from zero to $129,577 and denied Plaintiffs' amended returns for 2016 and 2017. It issued a Notice of Deficiency regarding the first of those actions and a Notice of Amended Return Denial regarding each of the other two. Details of the notices are included below in the analysis where relevant.

/ / /

Plaintiffs request that the court reverse Defendant's adjustments to their 2018 return and their 2016 and 2017 amended returns. Defendant requests that the court uphold its determinations and impose the frivolous appeal penalty.

## II. ANALYSIS

The precise issue in this case is not whether Plaintiffs actually earned taxable income, but rather whether Defendant had authority to adjust Plaintiffs' returns. Although the Complaint's reference to "private sector earnings" not resulting in taxable income is reminiscent of the frivolous argument that wages are not taxable income, Plaintiffs do not develop such an argument. *Cf. Combs v. Dept. of Rev.*, 331 Or 245, 248, 14 P3d 584 (2000) (holding that argument "has no objectively reasonable basis in federal or state law").

The court grants summary judgment motions where the documents on file show "there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." TCR 47 C; TCR–MD 13 B.[1]

A.    *2018 Taxable Income*

Plaintiffs argue that Defendant's notices do not meet an alleged formal requirement that they be signed under penalty of perjury. In Plaintiffs' view, "the Commissioner or other authorized Revenue Officer" must either accept the income reported by a taxpayer on a return or else find "an authorized official * * * who is competent and willing to assert credible, personal knowledge" of additional income in a competing return. Plaintiffs claim that "[t]ax agencies have no basis * * * by which they can evaluate or assign special significance to allegations by third parties, such as those made on W-2s or 1099s." Plaintiffs conclude that Defendant's Notice

---

[1] The references are to the Tax Court Rules (TCR) and the Tax Court Rules–Magistrate Division (TCR–MD).

of Deficiency "is legally invalid and fictitious on its face" because it does not bear such a signature. Plaintiffs summarily cite federal statutes and regulations pertaining to the IRS to support their view.

Defendant is not the IRS, and Oregon law authorizes Defendant to adjust returns when it determines in good faith there is a deficiency. ORS 305.265(2).[2] Defendant must give notice when it adjusts a return, but there is no requirement that its notice be signed. *See id*. Defendant is empowered to evaluate returns and estimate income by examining required "books, papers, records or memoranda bearing upon the matter." ORS 314.425(1). In particular, the federal form W-2 is suitable for substantiating compensation paid and taxes withheld. *See* ORS 316.202.

Adjusting Plaintiffs' return based on examination of their W-2 forms is well within the scope of Defendant's authority, and Defendant is under no obligation to generate a signed return of its own. *Cf*. ORS 305.265(2). Plaintiffs' argument to the contrary is without basis in law.

B.      *2016 and 2017 Amended Return Denials*

Plaintiffs apply the same argument and authority against the denial of their 2016 and 2017 amended returns, claiming that Defendant "by law can only dispute" Plaintiffs' returns by way of its own "sworn information returns for the relevant tax periods[.]"

A timely filed amended return showing a refund due is a "claim for refund" under ORS 305.270(2). Upon receiving such a claim, Defendant must "either refund the amount requested or send to the claimant a notice of any proposed adjustment to the refund claim, stating the basis upon which the adjustment is made." ORS 305.270(3). The notice of proposed adjustment must

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017. The relevant statutes did not change substantively between 2015 and 2017.

be accompanied by a statement explaining appeal rights, but there is no requirement that it be signed. *See* ORS 305.270(4)(a).

Here, Defendant responded to each of Plaintiffs' amended return filings with a notice captioned "Notice of Amended Return Denial." Each of those notices contained a paragraph explaining that Plaintiffs' amended return was "not valid" because it "remov[ed] from taxable income the wages [Plaintiffs] earned during the year." The notices each contained information explaining Plaintiffs' right to appeal.

Defendant's two notices appear to meet the requirements of ORS 305.270 for notices of proposed adjustment; at least, their lack of signatures does not invalidate them.[3] There is no further legal requirement for Defendant to generate a sworn return of its own before adjusting a refund claimed in an amended return. Plaintiffs' argument to the contrary lacks any basis in law.

C.      *Frivolous Appeal Penalty*

> "Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *.

ORS 305.437(1). A position—meaning any claim, defense, or argument asserted by the taxpayer—is frivolous if a taxpayer has "no objectively reasonable basis" for asserting it. ORS 305.437(2).

Plaintiffs did not show any reasonable basis for asserting that Defendant was required to generate its own sworn returns rather than adjust Plaintiffs' returns. The federal statutes and

/ / /

/ / /

---

[3] The court's review of the notices is limited to the issue raised by Plaintiffs.

regulations cited by Plaintiffs do not govern state taxing authorities. Plaintiffs' claim was frivolous, and the court therefore must impose a penalty. *See* ORS 305.437(1).

The court has no evidence of Plaintiffs previously raising frivolous arguments in a judicial proceeding, and Plaintiffs narrowly limited their frivolous claim here. Considering those mitigating factors, the court sets their penalty at $500.

### III. CONCLUSION

No relief can be granted for Plaintiffs' frivolous claim. Now, therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Plaintiffs are awarded a frivolous appeal penalty in the amount of $500, payable to Defendant within 10 days after judgment is entered.

_____

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on January 5, 2021.***